### 23255. ROBBINS v. ROBBINS.

DUCKWORTH, Chief Justice. The errors complained of by the appellant-respondent to the application for citation for contempt are to the overruling of the demurrers, general and special, oral motions to dismiss the application and to strike certain paragraphs of the petition alleging defiant violations of a decree and judgment of the court for (1) nonpayment of alimony; (2) failure to make a due and just accounting of defendant's annual income; (3) failure and refusal to return custody of the oldest child at the end of visitation periods; and (4) doing numerous other acts allegedly defiantly violative of the court decree, and praying for attorney's fees. The respondent also alleges error in holding him in contempt for (1) nonpayment of alimony; (2) failure to make a due and just accounting of his income; (3) making misrepresentations in open court as to custody of the child; (4) failure to deliver custody of the child on a date certain as ordered by the court; and (5) defiantly refusing to live up to the spirit and intent of a nisi order issued in open court. He also specifies error in the issuance of a bench

warrant, his arrest and incarceration, the award of attorney's fees, and the judgment attempting to amend and modify the original final decree commanding the parties to comply with each and every provision of the settlement agreement attached to and made a part of the final decree of divorce and alimony. *Held:*

1. The demurrers are, in the main, based on the question of whether or not the failure of a party to a divorce and alimony suit to perform the various portions of a settlement agreement between the parties amounts to contempt of court. The law makes the nonpayment of alimony in accordance with a decree of divorce and alimony contempt regardless of whether the final order of the court commands the payment of same. *Code* §§ 30-204, 30-219; *Wilson v. Chumney,* 214 Ga. 120 (1) (103 SE2d 552), and citations. Here neither the settlement agreement nor the final decree contains language commanding the performance of any act by and between the parties, hence the petition is subject to demurrer in regard to the failure of the party respondent (1) to make an accounting of his net income based upon his income tax returns in prior years; (2) to return custody of the minor child at the required periods after visitation rights had ended; (3) to being openly and defiantly belligerent, as between the parties, in regard to living up to the various parts of the settlement agreement; and (4) to the refusal of the respondent to allow the applicant to see the child on a certain occasion as alleged in the petition. All portions of the petition containing these allegations should be striken therefrom. *Palmer v. Bunn,* 218 Ga. 244 (127 SE2d 372). The court erred in overruling the special demurrers and motions to strike paragraphs containing these allegations.

2. But the petition clearly alleges a cause of action for nonpayment of alimony, and the court did not err in overruling the general demurrer thereto.

3. However, it appears from the record that the court found the respondent in contempt based on the entire petition and likewise awarded attorney's fees based thereon, and much of the subject matter of the petition should have been striken on demurrer. Since it is clearly apparent that much irrelevant matter was considered in citing the defendant in contempt and we can not separate it from the nonpayment of alimony, the judgment citing him in contempt and awarding

attorney's fees is reversed with direction that the entire case be reheard stripped of all irrelevant matter except the non-payment of alimony.

4. Likewise, the attempt by the court in its judgment to command both parties to abide by the settlement agreement made a part of the final divorce and alimony decree is an attempt to rewrite the final decree and is absolutely void.

*Judgment reversed with direction. All the Justices concur.*

ARGUED DECEMBER 13, 1965—DECIDED JANUARY 6, 1966.

*Jones & Kemp, Charles M. Jones,* for appellant.
*William T. Darby, Sr., B. P. Jackson, Jr.,* for appellee.