24257. SHEPHERD v. SHEPHERD.

Argued September 14, 1967—Decided September 21, 1967.

*E. T. Hendon, Jr.,* for appellant.

*Mackay & Elliott, Thomas W. Elliott,* for appellee.

Mobley, Justice. In a divorce proceeding in DeKalb Superior Court between Harriette Milam Shepherd and Charles Richard Shepherd, an agreement between the parties was made a part of the final decree on September 27, 1961. The decree was amended by a further agreement of the parties filed on January 8, 1963, and approved by the court. The original agreement recited that the "parties desire by this instrument to settle all questions relating to child custody and support, alimony, property divisions and other matters, . . ." The amended agreement provided for the payment of $10 per month as alimony so long as Mrs. Shepherd remained unmarried, and $190 per month for a period of 104 months "as property settlement."

In a contempt proceeding by Mrs. Shepherd (now Hance) the trial judge adjudicated that Mr. Shepherd was in arrears in the sum of $4,960, which included two payments of $10 each on alimony which had accrued prior to Mrs. Shepherd's remarriage, the remainder being the property settlement of $190 per month. Mr. Shepherd was adjudged in contempt, and it was ordered that he might purge himself of contempt by paying the sum of $4,960 and attorney's fees of $350. The appeal is from this judgment.

At the time the agreement was entered into by the par-

ties it was the law of this State that the remarriage of the wife did not terminate periodic payments of permanent alimony unless the contract or judgment so provided. *Brown v. Farkas,* 195 Ga. 653 (25 SE2d 411); *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663); *Hinton v. Belew,* 220 Ga. 189 (1) (137 SE2d 650); *Davis v. Welch,* 220 Ga. 515 (140 SE2d 199); *Holland v. Holland,* 221 Ga. 418 (144 SE2d 753). The amended agreement shows the clear intention of the parties that the alimony payment of $10 per month would cease upon the remarriage of Mrs. Shepherd. The property settlement payment of $190 per month continued for a period of 104 months.

It is the contention of the appellant that under the amendment to *Code* § 30-209, approved March 4, 1966, (Ga. L. 1966, p. 160), the payments of $190 per month terminated upon the date of the approval of the amendment, because of the remarriage of the appellee. This amendment provides: "All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree."

"Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him." *Code* § 30-201. "The obligation of a husband to provide support and maintenance for his wife is a duty imposed by law, and for that reason can not be classified with other obligations which do not involve similar duties. . . The duty is one in which the public has an interest, and a judgment based thereon, awarding alimony for the wife's future maintenance, simply recognizes a continuation of the duty and compels its performance." *Joel Bailey Davis, Inc. v. Poole,* 194 Ga. 824, 826 (22 SE2d 795).

The 1966 amendment to *Code* § 30-209 refers only to "permanent alimony" and does not purport to apply to a "property settlement." The amendment would not, therefore, be applicable to the provisions of a contract making property divisions. This construction of the language of the 1966 amendment makes it unnecessary to determine whether the contract of the parties in the present case provides by its terms that remarriage shall not terminate the "property settlement" payments; or whether the

1966 amendment could be applied retroactively to a contract in existence at the time of the passage of the act in a manner that would impair the obligations of the contract.

■ While the obligation of the appellant to make the payments of $190 per month for 104 months did not terminate because of the remarriage of the appellee, the question remains as to whether the appellant could properly be held in contempt for failure to make these payments.

The nonpayment of alimony may be punished by contempt regardless of whether the final order of the court commands its payment, but the other provisions of a settlement agreement can not be enforced by contempt where neither the agreement nor the final decree commands the performance of such provisions. *Robbins v. Robbins,* 221 Ga. 627 (146 SE2d 628). The trial judge correctly adjudicated that the appellant was in arrears on the alimony and property settlement payments, but erred in holding that the obligation for property settlement payments must be discharged in order for the appellant to purge himself of contempt.

*Judgment affirmed in part; reversed in part. All the Justices concur.*