25609.   CRAWFORD v. SCHELVER, nee Crawford.

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*N. Forrest Montet,* for appellant.

GRICE, Justice. The appellant complains of an order adjudging him in contempt for failure to comply with the terms of a decree providing for divorce, custody of children, and alimony. The order was entered in the Superior Court of Cobb County in a citation for contempt brought by the former wife, Fay McKinnon Schelver, nee Crawford, against the former husband, Joseph Sanford Crawford III, charging him with failure to pay her $3,000 as ordered by the divorce decree.

Significant provisions of the divorce decree follow.

"4. It is further ordered that [the wife] shall instanter execute and deliver to [the husband] a quitclaim deed to . . . [certain described real property], being the property in the State of North Carolina in the joint names of the parties . . .

"5. It is further ordered that [the husband] shall pay to [the wife] instanter the sum of one thousand ($1,000) dollars as alimony, and an additional sum of three thousand ($3,000) dollars as alimony upon the sale of the aforesaid property . . . which sale must take place on or before February 1, 1969; otherwise, said three thousand ($3,000) dollars shall be payable on February 1, 1969."

Upon the hearing the husband showed that since the decree, but before February 1, 1969, the former wife had remarried, and contended that therefore he was not required to pay the $3,000 to her.

For this position he relies upon Georgia Laws 1966, page 160, which added to *Code* § 30-209 the following: "All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree."

He contends that since this 1966 amendment recites that "All obligations for permanent alimony" shall cease upon remarriage of the former wife and their divorce decree contained no contrary provisions, the former wife lost her right to the $3,000, which is referred to in paragraph 5 of the decree as "alimony."

We cannot agree.

A construction of the decree in question, giving effect to all

of its provisions, leads to the conclusion that notwithstanding use of the words "as alimony," the obligation in paragraph 5 to pay the $3,000 was intended to effectuate a *property settlement*. As has been said, "There is no magic in mere nomenclature . . ." *Girtman v. Girtman,* 191 Ga. 173, 180 (11 SE2d 782). Substance prevails over name.

Intention to make a *property settlement,* insofar as payment by the former husband of the $3,000 is concerned, is evidenced from paragraph 4 of the decree, which ordered the former wife to execute to the former husband a deed to certain real property "in the joint names of the parties . . ."; and from paragraph 5 thereof which, after ordering the former husband to pay $1,000 to the former wife as alimony, ordered him to pay "an additional sum of three thousand ($3,000) dollars as alimony upon the sale of" the same property. Obviously, the $3,000 payment was compensation to the wife for her interest in the jointly held property.

Therefore, the amendment to *Code* § 30-209, dealing with alimony, does not apply here. See in this connection, *Shepherd v. Shepherd,* 223 Ga. 609 (157 SE2d 268).

For the foregoing reasons, the action by the trial court was correct.

*Judgment affirmed. All the Justices concur.*