## 27266. DOZIER (now Eirich) v. DOZIER.

NICHOLS, Justice. This is an appeal from a judgment refusing to hold the defendant in contempt of court for failure to comply with an agreement between the parties made a part of a divorce decree settling "child support, custody of minor child and property division." Between the time of the divorce and the present application for citation for contempt the minor child referred to in the agreement obtained his majority and the wife remarried. The trial court, after hearing argument, found for the husband apparently upon the defendant's answer that it was the intent of the parties that the husband's responsibility under such agreement ceased upon the remarriage of the wife and the son's reaching his majority. The appeal is from this judgment and such ruling constitutes the sole enumeration of error.

The agreement provided in part: Husband "shall convey all his right, title and interest in the following named property to [wife] . . . to-wit: . . . sums due to husband from The National Bank of Albany, Albany, Georgia, under his profit sharing plan in said bank as set forth hereinafter . . . [Husband] agrees to transfer and relinquish all right, title and interest to the profit sharing plan to The National Bank of Albany, in Albany, Georgia, to . . . [wife] . . . He does hereby covenant and agree that the said bank will not make the payments directly to . . . [wife] . . . , that he . . . [husband] . . . shall administer these funds as trustee for . . . [wife] . . . and pay over to her any of said sums paid to him thereunder as same do accrue.

"In addition thereto . . . [husband] . . . does hereby agree that should at any time during the dependency of the minor child or as long as . . . [wife] . . . remains unmarried that . . . [husband] . . . shall underwrite the monthly payments realized by . . . [wife] . . . through the conveyance of certain equities, notes and property interests as hereinbefore set forth to the extent of a min-

imum of three hundred dollars ($300). That in the event said income is below three hundred dollars ($300) . . . [husband] . . . does hereby agree to covenant to pay the difference to . . . [wife] . . ." *Held:*

"The nonpayment of alimony may be punished by contempt regardless of whether the final order of the court commands its payment, but the other provisions of a settlement agreement can not be enforced by contempt where neither the agreement nor the final decree commands the performance of such provisions. *Robbins v. Robbins,* 221 Ga. 627 (146 SE2d 628)." *Shepherd v. Shepherd,* 223 Ga. 609, 611 (157 SE2d 268).

Neither the final divorce decree nor the agreement made a part thereof commanded performance of the provisions of the agreement sought to be enforced, and while the provisions as to the transfer of the profit sharing plan was a part of the property settlement, and not alimony, and would be enforceable after the remarriage of the wife, it would not be enforceable in a contempt proceeding. Compare *Beach v. Beach,* 224 Ga. 701 (164 SE2d 114); *Brown v. Farkas,* 195 Ga. 653 (25 SE2d 411).

The trial court did not err in refusing to hold the appellee in contempt of court.

*Judgment affirmed. All the Justices concur.*
ARGUED JUNE 12, 1972—DECIDED JUNE 28, 1972.

*Malone & Malone, Thomas Wm. Malone, Leonard H. Gilberg,* for appellant.