## 28368. HERBERT v. HUGGINS.

NICHOLS, Justice. This appeal arises from a judgment refusing to dismiss a petition to hold the appellant in contempt of court for failure to comply with the provisions of a divorce decree, and the sole issue presented is whether the appellant is relieved of his obligations to make payments under an agreement entered into between the parties and made a part of the divorce decree when the wife remarried prior to the time all payments were due under the terms of such agreement.

The settlement agreement, in material part, read as follows: "Husband shall pay to the wife the sum of $30,000.00 as alimony as follows: The sum of $200.00 per month beginning March 20, 1969 and $300.00 per month beginning March 20, 1974, for five years. Any unpaid balance of the $30,000.00 remaining at the time of the death of John G. Herbert shall be a charge against the estate."

The trial court heard evidence, made findings of fact and conclusions of law and overruled an oral motion to dismiss the complaint based upon the sole ground that the remarriage of the wife terminated his obligation to make payments under the divorce decree. No transcript of such hearing was ordered for transmittal to this court. The judgment was properly certified for immediate review. *Held:*

Under decisions exemplified by *Davis v. Welch,* 220 Ga. 515 (140 SE2d 199); *Roberson v. Roberson,* 199 Ga. 627 (34 SE2d 836); *Shepherd v. Shepherd,* 223 Ga. 609 (157 SE2d 268); *Crawford v. Schelver,* 226 Ga. 105 (172 SE2d 686); *Dozier v. Dozier,* 229 Ga. 306 (191 SE2d 57), the conclusion of the trial court that the provisions of the agreement constituted the same as a property settlement, with permission to pay in instalments, and not alimony, was not error. The judgment of the trial court refusing to dismiss the contempt citation solely on the ground that the appellant is relieved of his obligation under such agreement by the subsequent marriage of the wife was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1973 — DECIDED NOVEMBER 30, 1973.

*Hicks, Eubanks & Scroggins, John H. Hicks,* for appellant.
*Webb, Parker, Young & Ferguson, James M. Weaver,* for appellee.