## 29117. WEAVER v. DUTTON.

INGRAM, Justice.

This is an appeal from a judgment of the Superior Court of Murray County which relieved a former husband from any obligation to continue making specified weekly payments under a divorce decree as a result of the remarriage of his previous wife.

The parties were divorced by a final judgment entered in Murray Superior Court on October 3, 1973. The former wife remarried on March 22, 1974. Under the terms of a written agreement between the parties, which was made a part of the final decree, the husband "was ordered to make all payments required on a weekly basis

pursuant to and in accordance with the Chapter 13 bankruptcy proceedings filed by the parties prior to the divorce action . . ."

After a hearing, the trial court found these payments primarily were for the satisfaction of the debt owed by the parties on their mobile home which was awarded to the wife in the divorce decree, and also found that these payments were alimony payments which her former husband was not required to continue paying under the 1966 amendment to Code § 30-209. *Held:*

1. "The 1966 amendment to Code § 30-209 refers only to 'permanent alimony' and does not purport to apply to a 'property settlement.' " *Shepherd v. Shepherd,* 223 Ga. 609, 610 (157 SE2d 268). See also *Crawford v. Schelver,* 226 Ga. 105, 107 (172 SE2d 686), holding that a $3,000 lump sum payment to be made by the husband was intended by the parties as a part of a property settlement even though the word "alimony" was used to describe the payment.

2. However, a provision in a divorce decree requiring a husband to make instalment payments of indebtedness due on a house awarded to a wife has been determined to be an award of alimony to the wife. *Elrod v. Elrod,* 231 Ga. 222, 223 (200 SE2d 885). See also *Moody v. Moody,* 224 Ga. 13, 15 (159 SE2d 394).

3. We do not have a transcript of the evidentiary hearing before the trial court, and under these circumstances, the trial court's finding that these payments were "payments for the support of the [wife] . . . and, as such, are alimony payments" will not be disturbed since it does not appear from the terms of the agreement incorporated in the decree that the parties intended these payments to be a part of a property settlement to the wife.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED SEPTEMBER 24, 1974.

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellant.

*Pittman, Kinney, Kemp, Pickell & Avrett, Donald G.*

*Loggins,* for appellee.