## 29612. MORRIS v. PADGETT.

HALL, Justice.

This appeal involves a dispute between a former husband and wife over whether a certain paragraph of the property agreement incorporated into their decree of divorce provided for alimony or constituted a property settlement. He contends that it is alimony, and that her remarriage has terminated his liability. Upon his failure to pay, she brought an application for contempt against him. The item in question, paragraph 7, provided that the wife should have fee simple title to the house, but the husband "shall continue to make the monthly installments on the outstanding indebtedness presently due on the above described property . . ." The item further provided that husband should have certain rights in a basement apartment; however, prior to the date of wife's application for contempt, he had quitclaimed all his interest to her, so no question regarding the basement apartment remains.

The judgment below went against husband; paragraph 7 was ruled a division of property; he was found able to pay and in contempt of court; and to purge himself he was ordered to pay the arrearage of $752 plus $500 attorney fees. This is his appeal.

1. We will not dwell on wife's claim that on an application for contempt nothing was before the superior court except the question of whether husband had the ability to pay. This claim is inconsistent with her position at the hearing at which time through her attorney she

acquiesced in a determination of paragraph 7.

2. Husband contends that under reasoning exemplified by *Elrod v. Elrod,* 231 Ga. 222 (200 SE2d 885) the payments specified in paragraph 7 should be construed as alimony; and under Code Ann. § 30-209 the same would terminate upon wife's remarriage. His argument is that if the amount granted is fixed it may be considered a property settlement; but where an uncertain amount is payable in periodic instalments it must be considered alimony. However, even under the analysis he urges, this amount is not automatically to be considered alimony, because the amount he was to pay was fixed by paragraph 7 as a definite, ascertainable sum: the amount "presently due." *Herbert v. Huggins,* 231 Ga. 489 (202 SE2d 443) concerned a definite amount to be paid in instalments and ruled it a property settlement, even though there the agreement itself referred to that amount as alimony.

Review of this agreement shows that the parties agreed to divide their personal property, household goods and custody of their children, and took separate possession of their own and each child's clothing and personal items. They agreed that the property in paragraph 7 should belong in fee simple to wife, with husband to pay any indebtedness thereon. By a subsequent paragraph she quitclaimed to him her interest in any other real property owned by him. At the hearing she testified that he thus gained clear title to three houses. Neither party was required by the agreement to pay to the other any amount of money designated for maintenance of the other or of any child. Our review of the entire agreement convinces us that the superior court correctly determined that paragraph 7 constituted a portion of a property settlement, and husband's obligation to meet the monthly instalments was not terminated by wife's remarriage. The judgment finding him in contempt of the divorce decree was proper.

3. Husband's enumeration complaining of denial of the opportunity to introduce parol evidence to explain the ambiguity of paragraph 7 is without merit; there is no uncertainty of the meaning of the paragraph which would invoke Code § 38-502 allowing parol evidence.

4. Husband's Enumerations 2 and 3, complaining on two grounds of the superior court's recitation in its order of a previous order of court stated to be under date of September 15, 1967, commanding husband to make the house payments here contested, do not show reversible error. Any error of the court in concluding that the parties had stipulated the existence of such an order is mere harmless error,[1] as the judgment found husband in contempt not of that order but of the November 22, 1967 divorce decree.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 27, 1975 — DECIDED FEBRUARY 18, 1975.

*Weston D. Baxter,* for appellant.

*Thompson, Rubin & Charron, C. E. Thompson,* for appellee.

---

[1] It appears that the correct date of the challenged order should have been stated as September 15, 1969. In her citation for contempt wife recited the existence of such order, and in his answer thereto husband admitted it, though he claimed the order was illegal.