## 30927. BENNETT v. BENNETT.

JORDAN, Justice.

This is an appeal from a judgment holding the appellant in contempt of court for failing to comply with an agreement between the parties settling all issues between them except divorce and made a part of the divorce decree.

The appellant contends that the trial court erred in finding that the mortgage payments required to be made by him under the agreement were not vitiated by the subsequent remarriage of the wife, and in finding him in contempt for failing to make medical payments on behalf of his children, also required by the agreement.

1. The agreement in material part provides for title of the family home to be transferred to the wife and for appellant to pay the $50.42 monthly mortgage payments on the house and that said payments "shall continue until the mortgage is fully paid."

The appellant argues that the obligation that he pay the monthly installment payments on the mortgage is permanent alimony under the reasoning of *Elrod v. Elrod,* 231 Ga. 222 (200 SE2d 885) (1973), and therefore the obligation ceased pursuant to Code Ann. § 30-209 (Ga. L. 1966, p. 160) upon the appellee's remarriage. The trial court, on the other hand, held the obligation to be part of a lump sum property settlement to be paid in installments, and therefore under the authority exemplified by *Eastland v. Candler,* 226 Ga. 588 (176 SE2d 89) (1970), Code Ann. § 30-209 is inapplicable.

The determinative question is whether the obligation to pay the mortgage installments is permanent alimony or alimony in gross. A construction of the agreement in question, giving effect to all of its provisions, leads us to the conclusion that the obligation to pay the mortgage was intended as a lump-sum payment as part of a property settlement. This is not a case as in *Elrod v. Elrod,* supra, where the trial court in awarding permanent alimony also awarded cost of reasonable maintenance on the home and mortgage payments as alimony with no sum certain. Instead the case sub judice is similar to *Morris v. Padgett,* 233 Ga. 750 (213 SE2d 647)

(1975), where an agreement between the parties incorporated into the divorce decree was construed by this court in order to determine the intent of the parties. As in *Morris,* the agreement here does not provide for any alimony payments for the support of the wife; rather it is more in the nature of a property settlement. The agreement sub judice provides for a sum certain by providing that the monthly payments "shall continue until the mortgage is fully paid," as the agreement in *Morris* did by describing the amount as that "presently due." We hold the obligation here to be a lump-sum settlement to be paid in installments; the total amount certain being that amount needed to pay the mortgage until fully paid.

2. Appellant contends on appeal that his failure to make payments on the mortgage and to pay medical expenses incurred by his children was not wilfully contemptuous. Although the trial judge must determine if the husband has wilfully disobeyed the order of the court granting alimony by determining the husband's ability to pay (*Mason v. Mason,* 232 Ga. 336 (206 SE2d 479) (1974)), unless it is made to appear from the record that appellant did not pay the alimony for some justifiable reason, we will not reverse the judgment of the trial judge holding the appellant in contempt. *Fambrough v. Cannon,* 221 Ga. 289 (144 SE2d 335) (1965); *Reese v. Reese,* 189 Ga. 314 (5 SE2d 777) (1940).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 9, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976.

*Cook, Noell, Bates & Warnes, Edward D. Tolley,* for appellant.