## 31221. VEREEN v. ARP.

JORDAN, Justice.

The appellee, James David Arp, brought a complaint against Patricia Murphy Vereen, appellant, asking an

adjudication that his obligations under paragraph 3 of the agreement entered into between the parties, which was made the judgment of the court in their divorce decree, had been terminated by reason of the remarriage of the appellant; and demanding a writ of possession to the property described in this paragraph of the agreement. The trial judge entered an order holding that the obligations of the appellee under paragraph 3 of their agreement ceased with the remarriage of the appellant.

1. The trial judge certified the order for immediate review, and this court granted interlocutory appeal. The appellee has filed a motion to dismiss the appeal on the ground that it was a final judgment and notice of appeal was not filed within 30 days of its rendition.

The order of the trial judge was interlocutory in nature, and the appeal was timely filed under the rules pertaining to interlocutory appeals.

2. Paragraph 3 of the agreement between the parties provided in part as follows: "The husband shall continue to hold title to the property at 405 Circle Drive, Fayetteville, Georgia, which has been the home of the parties for several years, and shall continue to pay the monthly installments on the loan on said property held by Standard Federal Savings and Loan Association, the cost of insuring the property against damage by fire, lightning, windstorm and similar hazards and the ad valorem taxes on the property. He shall discharge all other obligations required by said Standard Federal under the loan contract. The wife shall have the right to occupy the home at 405 Circle Drive, rent free, as a home for herself and the children hereinabove named; and the husband shall not sell, or hereafter encumber, the property except for the purpose of providing another home, at least as good as the Circle Drive home, for the wife and the children. . ."

Code § 30-209, as amended by Ga. L. 1966, p. 160, provides that: "All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree."

This court in a number of cases has held that this provision of Code § 30-209, as amended, does not apply to the husband's obligations under a contract between the parties, made the judgment of the court in a divorce decree, which constitute a part of the "property settlement" between the parties. *Shepherd v. Shepherd,* 223 Ga. 609 (1) (157 SE2d 268) (1967); *Crawford v. Schelver,* 226 Ga. 105 (172 SE2d 686) (1970); *Eastland v. Candler,* 226 Ga. 588 (176 SE2d 89) (1970); *Dozier v. Dozier,* 229 Ga. 306 (191 SE2d 57) (1972); *Herbert v. Huggins,* 231 Ga. 489 (202 SE2d 443) (1973); *Morris v. Padgett,* 233 Ga. 750 (2) (213 SE2d 647) (1975).

The parties in the present case dispute the question of whether paragraph 3 is a part of the property settlement between the parties or permanent alimony for the appellant. It is unnecessary to decide this question. Paragraph 3 states that the home is to be furnished for the wife *and the children.* The father's duty to provide support and maintenance for his minor children does not cease with his former wife's remarriage. *McCarty v. Wiggins,* 232 Ga. 711 (2) (208 SE2d 812) (1974). In his agreement the appellee obligated himself to discharge a part of his duty to support his minor children by allowing them and their legal custodian, the appellant, to live in his home rent free, and by paying specified expenses for the maintenance of the home.

It is contended by the appellee that, if it be determined that paragraph 3 is an agreement for child support, that it is null and void as being an attempt to award the real property of the husband as child support, contrary to the holding in *Clark v. Clark,* 228 Ga. 838 (188 SE2d 487) (1972). See also *Collins v. Collins,* 231 Ga. 683 (3) (203 SE2d 524) (1974). The *Clark* case (in which three Justices dissented) and the *Collins* case (in which two Justices concurred specially) are not in point on their facts with the present case. Both of those cases dealt with judgments which were not based on the agreement of the parties, and the transfer of title to real estate of the father for the support of the children. In the present case no title to the appellant's property is transferred to the children, and the appellee by voluntary agreement obligated himself to allow his property to be a home for them.

In other portions of the agreement the parties indicated their intention that support for the children should continue until they reach 21 years, unless they should sooner die, marry, or become self-supporting. Counsel for the appellant in oral argument conceded that the appellee would not be required to maintain the home for his former wife and children after his duty to support his minor children ceases.

The trial judge erred in holding that the obligations of the appellee under paragraph 3 of the agreement of the parties was terminated by the remarriage of the appellant.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JUNE 15, 1976 — DECIDED<br>JULY 9, 1976.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, James K. Rankin,* for appellant.

*Westmoreland, Hall, McGee & Warner, P. Joseph McGee,* for appellee.

HILL, Justice, concurring.

I am convinced of the correctness of the court's interpretation of paragraph 3 for the following additional reason. Paragraph 4 of the agreement provides for monthly payments to the wife in lieu of alimony and monthly payments for the support and maintenance of the children. Paragraph 5 of the agreement provides: "Payments to the wife for her support and maintenance, and in lieu of alimony, as provided by the foregoing paragraph, shall cease if she shall remarry. However, in the event of her remarriage, the payments provided for above for the support and maintenance of the children shall continue so long as she has the care and custody of the children." I believe that the decision of the court is supported by these additional provisions.