In re Walter L. Usher, Bankrupt.

Walter L. USHER, Appellant,

v.

Viola T. USHER, Appellee.

No. B77–282A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 28, 1977.

Robert S. Windholz, Atlanta, Ga., for bankrupt/appellant.

Fred A. Gilbert, Atlanta, Ga., for appellee.

## ORDER

O'KELLEY, District Judge.

This civil action is before the court on appeal from the August 29, 1977, order of the bankruptcy judge, who found that a debt owed to the plaintiff-appellee by the defendant-appellant pursuant to a Final Judgment and Decree of Divorce of the Superior Court of DeKalb County, Georgia, was non-dischargeable alimony under 11 U.S.C. § 35(a), which provides that:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are *for alimony due or to become due,* or for maintenance or support of wife or child . . . . (Emphasis added.)

The above-mentioned divorce decree creating the debt in question used the following language:

Defendant shall pay Plaintiff as a lump sum alimony settlement the sum of $12,-480.00, said sum to be paid at the rate of $60.00 per week commencing the week following the last child support payments as hereinabove provided and continuing from week to week until said $12,480.00 is paid in full.

Rejecting the defendant-appellant's contention that this obligation was, in actuality, a property settlement and, therefore, dischargeable, the bankruptcy judge concluded:

The Court has carefully reviewed the entire Final Judgment and Decree in detail and *finds it totally unambiguous in its terms, and therefore requires no extrinsic evidence in order that it be judicially construed.*

It is obvious that the parties intended to provide for child support, alimony and property division and the same is dealt with clearly in separate paragraphs. There is absolutely nothing in *the agreement* which indicates that the required payments to the wife termed lump sum alimony is anything but that. (Emphasis added.)

Although the record below is unclear as to whether the payments in question were, in fact, to be made pursuant to an agreement between the plaintiff-appellee and defendant-appellant, because the bankruptcy judge also refers to the divorce decree as "the agreement," the court must assume there was such an agreement. Thus, the sole issue on appeal is whether the payments ordered through the agreement incorporated into the divorce decree of the DeKalb County Superior Court were properly denominated as "alimony" by the bankruptcy judge.

The defendant-appellant, bankrupt, contends that the bankruptcy judge erred in his characterization of the obligation in question under applicable Georgia law in that the obligation was for a fixed, ascertainable sum[1] and was allegedly established to provide the wife with adequate funds to meet second mortgage payments on a former marital domicile.[2] Contrariwise, the plaintiff-appellee argues that, in the absence of indications that the clear intention of the parties was otherwise, the bankruptcy judge correctly applied Georgia law in light of the policy to presumptively avoid the discharge of debts founded upon

[1]. Georgia courts have consistently held that "[t]here is no magic in mere. nomenclature . . . ." *Crawford v. Schelver,* 226 Ga. 105, 172 S.E.2d 686 (1970). Thus, the use of the word "alimony" in the DeKalb County Superior Court decree is not conclusive. Furthermore, several Georgia decisions have treated payments termed "alimony" as property settlements where the total amount to be paid is a definite and ascertainable sum. *See, e. g., Mor-*

*ris v. Padgett,* 233 Ga. 750, 213 S.E.2d 647 (1975); *Herbert v. Huggins,* 231 Ga. 489, 202 S.E.2d 443 (1973). *But see Bisno v. Bisno,* 239 Ga. 388, 236 S.E.2d 755 (1977).

[2]. The Final Judgment and Decree of the Superior Court of DeKalb County awarded title to and exclusive use and possession of the marital domicile to the plaintiff-appellee.

the husband's continuing legal and moral obligations to support and maintain his wife and children, citing *Wetmore v. Markoe*, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904), and *Jones v. Tyson*, 518 F.2d 678 (9th Cir. 1975).

Although the court is inclined to agree with the plaintiff-appellee,[3] the record below is inadequate for this court to apply the applicable law. It is well settled that in construing agreements such as those incorporated into divorce decrees, the trial court's task is to ascertain the intention of the parties. *See, e. g., J. M. Huber Corp. v. Denman*, 367 F.2d 104 (5th Cir. 1966); *Travelers Indemnity Co. v. Holman*, 330 F.2d 142 (5th Cir. 1964). This rule of construction governs irrespective of the contract's apparent lack of ambiguity. *Lawrence v. United States*, 378 F.2d 452 (5th Cir. 1967). Accordingly, in the court's view, the bankruptcy judge erred insofar as he failed to allow the defendant-appellant to present evidence of the circumstances surrounding the execution of the agreement incorporated into the decree bearing upon the intent of the parties and upon the defendant-appellant's arguments that the obligation in question was, in reality, a property settlement. Because the fortuitous use of the word "alimony" is not solely determinative of the character of the obligation in the case *sub judice*,[4] the bankruptcy judge should have looked beyond the detached language of the agreement, to the circumstances surrounding its formation, to ascertain whether it was, in fact, unambiguous as incorporated into the decree.[5] *See e. g., In re Smith*, 436 F.Supp. 469 (N.D.Ga.1977) (Freeman, District Judge). *See also Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123 (3d Cir. 1969); *Adler v. Nicholas*, 381 F.2d 168 (5th Cir. 1967).

**3.** In *Bisno v. Bisno*, 239 Ga. 388, 236 S.E.2d 755 (1977), the Georgia Supreme Court indicated that the prior Georgia decisions holding that installment payments termed "alimony" were property settlements because they were for a fixed, ascertainable sum should be limited to their facts.

Therefore, for the above reasons, the August 29, 1977, order of the bankruptcy judge is hereby reversed, and this action is hereby remanded for further proceedings not inconsistent with this order.

**4.** *See* note 1, *supra*.

**5.** The court notes, however, that it is arguable that the language in the decree herein is ambiguous because the payments in question clearly would *not* be deemed "alimony" for purposes of federal taxation. *See* 26 U.S.C. § 71(c).