## 34231. HOLLANDSWORTH v. HOLLANDSWORTH.

JORDAN, Justice.

In this divorce and alimony case a divorce was granted to both parties on the ground that the marriage was irretrievably broken. The wife appeals from the judgment entered on the jury's verdict awarding alimony and making a division of the property of the parties.

1. The wife asserts that the court erred in the finding in the verdict that the parties requested that the jury make a property division between them, and that the jury made such a division. She further asserts that the verdict and judgment, requiring the sale of property jointly owned by the husband and wife, are contrary to law in that they require the sale of her undivided one-half interest in the property.

The husband's divorce action prayed for a divorce and for "such other and further relief as is just and proper." The wife in her answer prayed for temporary and

permanent alimony, and that she "be awarded such other and further relief as the court deems meet and proper."

The jury's verdict awarded monthly alimony to the wife, and divided specified real and personal property between the parties. The jury provided that the home and surrounding property, jointly owned by the husband and wife, be sold and the net proceeds be divided equally between them, that all existing debts on this property be paid by the husband, that the wife may live in the house until sold, and the husband is to maintain the property until it is sold.

The prayers of the parties and the evidence in the case authorized an equitable division of the joint property of the parties. *Bragg v. Bragg,* 224 Ga. 294, 297 (161 SE2d 313) (1968); *Gorman v. Gorman,* 239 Ga. 312, 314 (1) (236 SE2d 652) (1977); *Acker v. Acker,* 240 Ga. 592 (242 SE2d 107) (1978); *Morris v. Morris,* 242 Ga. 591 (1978). An equitable partition of property may be made by the sale of the property, and such division by sale may be required in a divorce case.

2. The wife contends that the court's judgment limited the period provided by the verdict during which the husband would pay alimony.

The jury stated: "We fix the alimony as follows: $500 a month for Mrs. Hollandsworth until Mr. Hollandsworth reaches age 60." The court's judgment stated that the husband should pay the wife $500 per month until such time as he reaches the age of 60 years, or she shall die or remarry. The wife contends that the limitation in the verdict as to remarriage is invalid.

Code § 30-209, as amended by Ga. L. 1966, p. 160, provides: "All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree."

This court has held that this provision does not apply to the husband's obligations under a contract between the parties, made the judgment of the court in a divorce decree, which constitutes a part of the property settlement between the parties, or to a jury's verdict making a property division. *Herbert v. Huggins,* 231 Ga. 489 (202

SE2d 443) (1973); *Vereen v. Arp,* 237 Ga. 241, 243 (227 SE2d 331) (1976).

We think it is plain that the jury in the present case intended the $500 a month to be alimony, and not a part of the property division. The husband testified that he would be required to retire when he reached 60, and the record indicates that it was for this reason, that the jury provided that the payments should cease at age 60. The judge charged the jury that alimony in installments, "unless otherwise provided in your verdict, would end upon her remarriage." No intention is shown by the jury to provide a lump sum with installment payments as a part of the property division. Compare *Bisno v. Bisno,* 239 Ga. 388 (236 SE2d 755) (1977); *Solomon v. Solomon,* 241 Ga. 188 (244 SE2d 2) (1978).

The judgment of the court correctly construed the verdict of the jury to intend that the payment of $500 a month would cease upon the remarriage of the wife.

3. The wife contends that the court erred in charging the jury that she had the burden to establish her claim for alimony.

The wife did not object to this portion of the charge. However, even in no-fault divorce cases there is no invariable requirement that the wife receive alimony, and she still has the burden of proving her claim to alimony. *Odom v. Odom,* 239 Ga. 830, 831 (239 SE2d 20) (1977); *Moon v. Moon,* 240 Ga. 208 (2) (240 SE2d 17) (1977); *McElroy v. McElroy,* 242 Ga. 84 (1978); Ga. L. 1977, pp. 1253, 1256.

4. The verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED JANUARY 4, 1979.

*G. Hughel Harrison,* for appellant.
*Webb, Fowler & Tanner, Jones Webb, J. L. Edmondson,* for appellee.