WILLIE R. APPLING, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Appling v. Commissioner
Docket No. 10705-77.
United States Tax Court
T.C. Memo 1979-357; 1979 Tax Ct. Memo LEXIS 157; 39 T.C.M. (CCH) 50; T.C.M. (RIA) 79357; September 10, 1979, Filed *157 Held, payments of $175 per month over 60 months made pursuant to divorce decree were for support and subject to statutory contingencies under Georgia law. Such payments are deductible as alimony. Heldfurther, payments of $5,000 in two equal payments and for repairs of the family home made pursuant to the divorce decree are in the nature of a property settlement. Such payments are not deductible as alimony. Willie R. Appling, Jr., pro se. Dean R. Morley, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined deficiencies in petitioner's income tax of $2,142 and $860.66 for the taxable years 1974 and 1975, respectively. The only issue to be decided is whether petitioner is entitled to deduct as alimony certain amounts paid to his former wife pursuant to a divorce decree. All of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner, Willie R. Appling, Jr., filed his income tax returns for both years in issue with the Internal Revenue Service Center, Chamblee, Georgia. At the time he filed his petition herein, petitioner resided in Georgia. Prior to April 3, 1974, *158 petitioner was married to Eunice K. Appling. On August 13, 1973, Eunice filed a Libel for Divorce in the Superior Court of McDuffie County, Georgia. In conjunction with this filing, the court entered a Rule Nisi ordering petitioner to show cause why he should not be required to pay temporary alimony for the support and maintenance of Eunice. No written order was entered by the court, pursuant to the show cause hearing under the Rule Nisi. The court, however, orally directed payment of attorneys' fees and awarded Eunice temporary payments of $175 per month. On April 3, 1974, the court entered a Final Judgment and Decree of Total Divorce. The agreement provided that Eunice was awarded and granted all equity and interest of petitioner, together with fee simple title, in their residence, including all of the household goods and furnishings. It also provided that petitioner would make specific repairs to the house; that petitioner would pay Eunice $5,000 as alimony in two equal payments of $2,500 to be made April 1, 1974 and April 1, 1975; that in addition to the $5,000, petitioner would pay Eunice $175 per month for 60 months computed from September 1973, when the first such payment *159 had been made, and continuing through August 1, 1978; and, that petitioner would make immediate payment of Eunice's legal fees and court costs. Petitioner contends that the payments to his former wife, including the costs of repairs, [1] were intended to be alimony payments [2] and are deductible. Respondent argues to the contrary. Under the provisions of section 215, [3] payments are deductible by petitioner if they are includable in the income of petitioner's former wife under the provisions of section 71. Section 71(a)(1) provides that a divorced or legally separated wife's gross income includes periodic payments received after the decree of divorce or separate *160 maintenance in discharge of a legal obligation which, because of the marital relationship, is imposed on the husband under the decree or a written instrument incident to such divorce or separation. Section 71(c)(1) provides that for the purpose of section 71(a), installment payments discharging part of an obligation, the principal sum of which is either in terms of money or property specified in the decree or agreement, should not be treated as periodic payments. Accordingly, payments treated as installment payments, rather than periodic payments, are not includable in the wife's gross income. Section 71(c)(2) and section 1.71-1(d)(3), Income Tax Regs., provide two exceptions to the provisions of section 71(c)(1) and allow payments discharging part of a principal sum to be treated as periodic payments under certain circumstances. Section 71(c)(2) provides that when the period for payment is more than 10 years such payments qualify as periodic for purposes of section 71(a). Section 1.71-1(d)(3), Income Tax Regs., provides that when payments are to be paid over a period *161 of 10 years or less, such payments are not installment payments discharging a part of the specified principal sum, but are considered periodic payments if such payments meet the following two conditions: (a) such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) such payments are in the nature of alimony or an allowance for support. Since it is clear that none of the payments were payable for a period extending more than ten years, the payments must be treated as installment payments discharging part of a principal sum unless they satisfy the requirements of section 1.71-1(d)(3), Income Tax Regs.
The terms of the agreement do not subject the payments to any contingencies. Section 1.71-1(d)(3)(ii)(a), Income Tax Regs. , however, provides that contingencies may be imposed by local law. Petitioner contends that Georgia law, Ga. Code Ann. secs. 30-201, 30-209 and 30-220, [4] *163 *164 provides such contingencies. Respondent cites Stock v. Commissioner,551 F.2d 614 (5th Cir. 1977), affg. T.C. Memo. 1976-134, for the proposition that the Georgia statutory contingencies do not *162 apply to installment payments discharging a lump sum obligation; that since the payments in issue here are for a fixed period of time, they must be considered "lump sum" alimony and, therefore, not subject to any contingencies. Petitioner argues that respondent has read this case too broadly. In Stock, the settlement agreement provided that the taxpayer was to pay his ex-wife "as further alimony" half of the gross proceeds from the sale of his one-half interest in certain property less an outstanding indebtedness.The amount and the date of each payment was specified in the agreement and the dates coincided precisely with the dates on which the taxpayer was to receive installment payments from the sale of the property; the amounts were precisely one-half of each payment the taxpayer was to receive. The Court of Appeals held at 618 that: [assuming] that these statutes [the same as those that are in issue here] would impose such contingencies on an award of permanent alimony, they do not impose contingencies on installment payments of a fixed or lump sum such as the $25,519.07 *165 obligation evidenced by Paragraph Nine, even where that paragraph terms the payments 'alimony.' The settlement agreement * * * flatly states that taxpayer is to pay Shara the sum of $25,519.07. * * * Hence the $25,519.07 obligation is a lump sum settlement, precluding taxpayer under Georgia law from importing the "contingencies" of sections 30-201, 30-209, and 30-220. [cites omitted] Our reading of Stock and Georgia case law compel us to agree with respondent that alimony in a lump sum, or in gross, is in the nature of a property settlement, whether designated as such or as alimony, and that the statutory provision for termination of alimony is not applicable to such a property settlement. Newell v. Newell,229 S.E.2d 449, 237 Ga. 708 (1976); Bennett v. Bennett,225 S.E.2d 264, 236 Ga. 764 (1976); Morris v. Padgett,213 S.E.2d 647, 233 Ga. 750 (1975); Herbert v. Huggins,202 S.E.2d 443, 231 Ga. 489 (1973); Eastland v. Candler,176 S.E.2d 89, 226 Ga. 588 (1970). For purposes of Georgia law, however, "lump sum" or "in gross" alimony payments do not include the provisions of a decree which simply provides for periodic payments over a given time, with no indication of a lump sum or *166 in gross payment other than by simply multiplying the amounts due by the number of applicable periods. [5]Bisno v. Bisno,236 S.E.2d. 755, 239 Ga. 388 (1977). Thus, we agree with petitioner that respondent has read the Court of Appeals' decision in Stock too broadly. That court was dealing with a specific payment; it did not state that all payments which could be determined in amount are considered "lump sum" alimony for purposes of Georgia law. In this Court's opinion in Stock, we noted that the alimony award was made from the corpus of the husband's estate.Ga. Code Ann. sec. 30-222[6] specifically provides that there can be no modification of alimony where the award was made from the corpus of the husband's estate. The settlement agreement specifically waived any right to modify the alimony award which waiver would be recognized by the Georgia courts. Finally, we held that an award *167 of lump sum alimony granted a fixed and vested right in the recipient and the statutory contingencies would not apply. In Hogan v. Commissioner,T.C. Memo. 1977-258, the same Georgia statutes were at issue. There, the separation agreement provided, among other things, that the taxpayer was to pay his former wife the sum of $21,600 at the rate of $300 per month until paid in full. The agreement provided for a division of property between the husband and wife in addition to the provision requiring payment. No provision was made expressly for the wife's support, but the agreement did provide that the wife relinquished forever any claims against her husband as a result of the marriage, *168 including any claims for alimony. This Court held that: Since it appears that the agreement did effect a division of property between the parties, provided for monthly payments over a six-year period, released the husband from any claim of alimony and did not expressly provide for alimony, it must be concluded that the $300 monthly payments were in satisfaction of petitioner's obligation to support his former wife. As such, the payments are within the definition of alimony under Georgia law. Accordingly, since the payments were subject to a contingency under Georgia law and in the nature of alimony, * * * the payments will be treated as periodic. * * * In light of these cases, we must decide whether the various payments in issue here are subject to contingencies under Georgia law. We believe that the payments to be made for repairs to the house constitute part of a property settlement and are not subject to the statutory contingencies. Clearly, the award of the house to Eunice constituted a property settlement. Payments for the repairs were directly related to the residence and, as respondent contends, were obviously designed to insure its fitness. These payments are not in the *169 nature of alimony of an allowance of support. [7] Accordingly, payments made for repairs on the home are not deductible. We turn now to the $175 monthly payments. [8] These amounts were a continuation of the amounts awarded in the earlier Rule Nisi hearing in which the Superior Court of McDuffie County ordered petitioner to pay temporary alimony for the support and maintenance of Eunice. In fact, the total payments in the divorce decree were made retroactive to include the temporary monthly payments awarded previously for Eunice's support. We believe on the record before us this is persuasive evidence [9] *170 showing that such payments were alimony, subject to the statutory contingencies and not part of the property settlement which included awarding Eunice the home.
Finally, we must deal with the two payments of $2,500. On the evidence before us, we do not believe petitioner has shown that these payments are in the nature of alimony or subject to the statutory contingencies. We have already determined that the monthly payments of $175 were to provide for Eunice's support. There is nothing in the record to indicate that these payments were meant to provide additional support for Eunice in the first two years of the divorce beyond the monthly payments of $175. For this reason, we must hold that such payments are in the nature of a property settlement or lump sum alimony, not subject to the statutory contingencies. Accordingly, no deduction is allowed. Decision will be entered under Rule 155.
Footnotes
1. ↩
1974
1975
Monthly payments of $175
$2,100
$2,100
Payments in discharge of
2,500
2,500
$5,000 sum
Payments made for repairs
1,046
on home (not claimed
on return but claimed
in petition.)
2. The parties have stipulated that Eunice would testify that the payments in question were part of a property settlement and there was no intention for any of them to be considered alimony and that petitioner and his attorney would testify that they intended and considered such sums to be alimony. We cannot, on this basis, determine the intent of the parties.↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue.↩
4. Ga. Code Ann. § 30-201. Definition. Permanent and temporary.-Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent. Ga. Code Ann. § 30-209. Jury may provide permanent alimony; factors in determining amount; effect of remarriage by wife.-The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband. In all cases where alimony is awarded to the wife, her separate estate and earning capacity, as well as any fixed liabilities of the husband for the support of minor children, shall be taken into consideration in fixing the amount. All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree. Ga. Code Ann. § 30-220. Revision of judgment for permanent alimony; grounds; petition; hearing.-The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband. Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings. Such petition shall be filed in the same county in which the original judgment was granted. No petition may be filed by the wife under this law [§§ 30-220 through 30-225.1] within a period of two years from the date of the filing of a previous petition by the wife under this law. No petition may be filed by the husband under this law within a period of two years from the date of the filing of a previous petition by the husband under this law. After hearing both parties and the evidence, the jury, or the judge where a jury is not demanded, may modify and revise the previous judgment so as to provide for the wife, or child or children, or both, in accordance with the changed income and financial status of the husband, if such a change in the income and financial status of the husband is satisfactorily proved, so as to warrant such modification and revision. In the hearing upon a petition filed as provided herein, testimony may be given and evidence introduced relative to the income and financial status of the wife.
5. We note that there is no material difference for Federal tax purposes between a decree where the total amount payable is so stated and one where it is necessary to multiply the payments by a period certain in order to determine the principal sum specified. Kent v. Commissioner,61 T.C. 133↩ (1973).
6. Ga. Code Ann. § 30-222↩. Same; revision proceeding applicable only to judgments for periodic payments.-Such an application, as hereinbefore authoritzed, can be filed only where the husband has been ordered by the final judgment in an alimony, or divorce and alimony suit, to pay permanent alimony in weekly, monthly, annual or similar periodic payments, and not where the wife, or child or children, or both, have been given an award from the corpus of the husband's estate in lieu of such periodic payment.
7. Since section 1.71-1(d)(3)↩ provides that payments may be considered periodic payments only if they are subject to contingencies and are in the nature of alimony, even if such payments were subject to the statutory contingencies, that alone would not qualify the payments for a deduction.
8. Although designated as alimony, as noted previously, such designation is not dispositive. ↩
9. One factor courts have looked to in determining whether a payment is alimony is the similarity of payments before and after entry of the divorce decree. See Bardwell v. Commissioner,38 T.C. 84 (1962), affd. 318 F.2d 786 (10th Cir. 1963); Ryker v. Commissioner,33 T.C. 924 (1960). See also Estate of Thoda v. Commissioner,T.C. Memo. 1979-219↩.