In re William L. INGRAM, Debtor.

Marion AIKEN, Plaintiff,

v.

William L. INGRAM, Defendant.

Bankruptcy No. B78–486R.

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

July 10, 1980.

Joseph N. Anderson, Gammon & Anderson, Cedartown, Ga., for Marion Aiken.

Jackson B. Harris, Rome, Ga., for William L. Ingram.

HUGH ROBINSON, Jr., Bankruptcy Judge.

## ORDER

Plaintiff's "Complaint Objecting to Discharge" brought the matter involved herein before the Court. This matter came on regularly to be heard before the Court on January 28, 1980. The Court, having considered the briefs submitted by the parties and the pleadings on file and having heard the testimony of the witnesses and the arguments of the parties at trial, makes the following decision:

## FINDINGS OF FACT

1. On February 23, 1978, William L. Ingram (hereinafter referred to as "Debtor") was granted a divorce from his wife Marion Aiken Ingram (hereinafter referred to as "Plaintiff") by the Superior Court for Polk County.

2. The divorce decree contains a provision which requires Debtor to pay Plaintiff the sum of $25.00 per week for a period of 156 weeks as part of the property division between the parties.

3. Debtor filed a voluntary petition in bankruptcy on November 15, 1978.

4. After Debtor's bankruptcy petition had been filed Plaintiff filed a motion to amend the divorce decree in the Superior Court for Polk County. The divorce decree was modified to denominate the monthly payments as alimony rather than a property division.

5. Plaintiff filed a "Complaint Objecting to Discharge" on January 29, 1979 alleging that the periodic payments provided for in the divorce decree are alimony payments and therefore nondischargeable.

6. On September 29, 1979 Plaintiff filed a "Motion for Summary Judgment" in this Court. Said motion was denied on the ground that there remained a question of fact as to whether the payments constituted alimony or a property division. It was held that the Superior Court for Polk County did not have jurisdiction to amend the divorce decree after Debtor's bankruptcy petition had been filed.

7. A hearing on Plaintiff's Complaint was held before this Court on January 28, 1980.

## APPLICABLE LAW

■ The question presented to the Court for determination is whether a provision in a divorce decree requiring the husband to make certain monthly payments to the wife for a specific period of time is alimony or a property settlement. To resolve this issue the intention of the parties must be ascertained. *Usher v. Usher*, 442 F.Supp. 866 (N.D.Ga.1977); *In re Chin*, 4 BCD 924 (N.D.Cal.1978); *In re Walder*, 2 BCD 1205 (W.D.Wis.1976). The language of the decree must be analyzed to determine if the payments were intended to provide for the maintenance and support of the spouse or were intended to divide the marital property. *In re Smith*, 436 F.Supp. 469 (N.D.Ga.1977). Because the appellation assigned to the payment is not determinative of this issue, the court may consider matters outside of the divorce decree in order to uncover any ambiguities which may exist in the language thereof. *Usher v. Usher, supra.* To aid its determination of this issue, the court must refer to state law, *In re Woods*, 3 BCD 750 (7th Cir. 1977); *In re Walder, supra.*

■ The party objecting to the dischargeability of the debt has the burden of proving that the obligations imposed by the divorce decree are in the nature of alimony payments. Rule 407 of the Bankruptcy Rules. However, after the objecting spouse makes out a prima facie case, it is incumbent on the debtor to show that he is entitled to the discharge of the disputed debt. *In re Smith, supra.*

The evidence concerning the intention of the parties with respect to the periodic payments is contradictory. It is alleged that Plaintiff terminated her employment upon her marriage to Debtor in order to take care of his family. During the term of this marriage Plaintiff became physically disabled, and at the time of the divorce there was a large disparity between the incomes of Plaintiff and Debtor. Plaintiff contends that the periodic payments were intended to provide for her maintenance and support. On the other hand Debtor testified that he was advised by the Superior Court for Polk County that the divorce decree provided for a property settlement. Because the intention of the parties cannot be clearly ascertained from the testimony presented at the trial, it is necessary for the Court to closely examine the language of the divorce decree and infer the intention of the parties from the language employed therein.

■ A court may take judicial notice of its own records. *Randy's Studebaker Sales, Inc. v. Nissan Motor Corp., Inc. U. S. A.*, 533 F.2d 510 (10th Cir. 1976); *Massachusetts Mutual Life Insurance Company v. Brock*, 405 F.2d 429 (5th Cir. 1968) cert. denied 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220 (1969). This Court is taking judicial notice of the divorce decree entered by the Superior Court for Polk County on February 23, 1978 a copy of which was submitted by Plaintiff with her "Complaint Objecting to Discharge".

Paragraph 6 of the divorce decree provides:

"That as a property division of the properties jointly owned by the parties, the plaintiff [referring to Debtor herein] is

hereby ordered to pay to the defendant [referring to Plaintiff herein] the sum of $25.00 per week for a period of 156 weeks, the first payment being due on April 1, 1978. The defendant is hereby ordered to execute and deliver to the plaintiff a general warranty deed conveying all her interest in and to the marital residence . . . (property description omitted), subject to the outstanding indebtedness owed on same to The Rockmart Bank. The plaintiff is further ordered to pay the indebtedness owed on the marital residence to The Rockmart Bank, as the same becomes due and payable."

■ Although the label attached to payments in an agreement or decree is not determinative, it may be considered as an indication of the nature of the payments involved. *In Re: Salinas*, 2 BCD 864 (D.Or. 1976). The context in which the disputed provision appears in the decree may also reveal the nature of the payments. See *In Re: Thumm*, 2 BCD 1347 (E.D.Wis.1976) where the disputed provision was included in a paragraph of the divorce decree which dealt exclusively with the division of property between the parties. See also *In Re: Woods, supra*.

■ Other factors which may be considered to characterize the payments provided for in an agreement or divorce decree include whether the obligation terminates on the death or remarriage of the recipient spouse, *Adler v. Nicholas*, 381 F.2d 168 (5th Cir. 1967); whether the obligation terminates on the death of the donor spouse, *In re Albin*, 591 F.2d 94 (9th Cir. 1979); whether the payment appears to balance disparate incomes, *In Re: Walder, supra*; and whether there are children who must be supported, *In Re: Woods, supra*.

■ It appears to the Court that the divorce decree involved herein provides for a division of property. The first sentence of Paragraph 6 of the decree states that the provisions therein are a property division and orders Debtor to make weekly payments of $25.00 to Plaintiff for a period of 156 weeks. Contained in the second sentence of Paragraph 6 is an order for Plain-

tiff to convey all of her interest in and to the marital residence to Debtor. The payments Debtor is ordered to make appear to be compensation for Plaintiff's property interest in the marital residence rather than payments for Plaintiff's maintenance and support.

There is no provision for the termination of these payments on the death of Debtor or on the death or remarriage of Plaintiff. It was said by the Fifth Circuit in *Adler v. Nicholas, supra* at 171:

"Payment of a continuing obligation after the wife's need for support terminates strongly supports an intent to divide property and strongly refutes an argument that this is alimony."

The fact that there are no children involved in the instant case further suggests that the payments comprise a property settlement. There is some indication of a disparity between the incomes of Plaintiff and Debtor. However the overall character of these payments is that of a property settlement.

The Court is of the opinion that under Georgia law Paragraph 6 of the divorce decree provides for a property settlement. Similar provisions have been held to constitute property settlements by the Georgia Courts. *Herbert v. Huggins*, 231 Ga. 489, 202 S.E.2d 443 (1973) involved a settlement agreement that required the husband to pay $30,000.00 to the wife as alimony. This sum was to be paid in monthly installments. It was further provided that any unpaid balance of the $30,000.00 remaining at the time of the husband's death would be a charge against his estate. The Georgia Supreme Court upheld the trial court's conclusion that the provisions of the agreement constituted a property settlement.

*Crawford v. Schelver*, 226 Ga. 105, 172 S.E.2d 686 (1970) also involved the construction of a divorce decree. This decree ordered the wife to convey her interest in certain jointly owned property to the husband. The husband was to pay the wife $3,000.00 as alimony upon the sale of the aforementioned property. Finding these provisions to be a property settlement the Georgia Supreme Court said, "Obviously

the $3,000 payment was compensation to the wife for her interest in the jointly held property."

The Court concludes that the periodic payments provided for in the divorce decree were for the purpose of compensating Plaintiff for her property interest in the marital residence and therefore constitute a property division.

## CONCLUSIONS OF LAW

1. The periodic payments Debtor was ordered to make to Plaintiff were intended by the parties to be compensation for Plaintiff's property interest in the marital residence.

2. The periodic payments constitute a property division and are dischargeable in bankruptcy. It is therefore

ORDERED that the debt owed by Debtor to Plaintiff under Paragraph 6 of the divorce decree entered by the Superior Court for Polk County shall be and same is discharged.