**In the Matter of Douglas Wells MARTIN, Debtor.**

**Anona J. MARTIN, Plaintiff,**

**v.**

**Douglas Wells MARTIN, Defendant.**

**Bankruptcy No. 81–1990.
Adv. No. 81–0628.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

April 8, 1982.

Steven Beneke, Clearwater, Fla., for plaintiff.

David Carter, Largo, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration is the dischargeability, vel non, of certain joint obligations incurred during the marriage by Douglas Wells Martin (the Debtor) and his non-Debtor spouse, Anona J. Martin who filed this complaint. It is the contention of the Plaintiff (Mrs. Martin), that certain provisions in the supplemental order entered by the Circuit Court which dissolved the marriage of the parties is a provision for payment of alimony or support, thus non-dischargeable by virtue of § 523(a)(5). The provision referred to, required the Debtor to pay any and all outstanding joint debts and obligations of the parties with the exception of the mortgage payment and that the Debtor was also required to save Mrs. Martin harmless in the event she is compelled to meet these joint obligations.

The record as developed at the final evidentiary hearing is basically without dispute and can be summarized as follows:

The Debtor and Mrs. Martin were married for 24 years. They have three children from the marriage who were, at the time of the entry of the supplemental order, 17, 20 and 24 years of age respectively. At the time of the entry of the supplemental order, Mrs. Martin was employed full time as an electronic assembly worker and her weekly take home pay was $154. The Debtor was also employed as a machinist and had a weekly take home pay of approximately $175. The supplemental order entered in the divorce proceeding awarded the marital home to Mrs. Martin as lump sum alimony; ordered the Debtor to pay $25 per week as child support for one minor child and expressly provided that Mrs. Martin shall not receive a permanent alimony and that the Debtor shall not be responsible for the payment of any future medical bills incurred by Mrs. Martin. The order further provided that each party was to pay for his or her attorney fees and costs.

The Debtor filed his petition for relief on October 27, 1981 and of course seeks a discharge of the debts involved in this controversy. The debts as appear from the schedules filed, basically represent purchases of ordinary necessities on credit cards, with the exception of a shed which became part of the real estate awarded to Mrs. Martin.

The claim of non-dischargeability is basically based on this last fact. It is urged by counsel for Mrs. Martin that since these joint obligations were incurred during the marriage for necessities for the family, the provision in the supplemental order which required the Debtor to pay them was an award for alimony or for support, thus non-dischargeable.

The difficulty to accept the proposition is urged by Mrs. Martin should be evident when one considers all the facts of this case and all the provisions of the order. First, the fact that these obligations were incurred for the purchase of necessities means only that they represented debts incurred in connection with the support of the family during the marriage. It does not mean that the obligation to repay these in the future is a support obligation. In this particular case, Mrs. Martin received a lump sum alimony, i.e. the full, complete ownership of the house. The order expressly provided that she shall not receive any additional alimony. The obligation to pay these debts does not terminate upon remarriage nor terminate upon the sole minor child reaching age or upon the death of the Debtor. The Court which dissolved the marriage was apparently satisfied that she was in no need for additional alimony; that she will be able to support herself. The seemingly small amount of child support provided by the order is understandable in light of the fact that the child was 17 years of age and did reach majority shortly after the dissolution of the marriage. In addition, the earning capabilities of the parties were basically equal. *In re Ingram,* 5 B.R. 232 (Bkrtcy.N.D.Ga.1980). The obligation to pay a joint debt will not be considered to be a provision for support of wife or child unless it ap-

pears from all the facts of the case that the parties intended that the husband's promise to pay all debts were to be in lieu of or in addition to other provisions of support or, in the event there was no agreement and it was the determination of the Court.

Considering the supplemental order and the circumstances of these parties, this Court is satisfied that the provisions in the order directing the Debtor to pay the joint obligations and hold Mrs. Martin harmless was in the nature of property settlement and not a provision for support or alimony, thus not outside of the protective provisions of the general bankruptcy discharge.

A separate final judgment will be entered in accordance with the foregoing.