28189. ELROD v. ELROD.

SUBMITTED SEPTEMBER 11, 1973 — DECIDED OCTOBER 5, 1973.

*Coleman, Blackburn, Kitchens & Bright, Converse Bright,*

*Howard E. Yancey, Jr., Peyton Miles,* for appellant.

*Montgomery L. Preston, J. Harold Mimbs, Jackson S. Cooley,* for appellee.

NICHOLS, Justice. ■ The award of the marital home to the wife was the grant of a fee simple title to such property to her subject only to the lien of the holder of the deed to secure debt, which debt the husband was required to pay in instalments as the same becomes due. The husband was also required to pay the cost of reasonable maintenance on such home.

The requirements that the husband pay the indebtedness due on the house and the cost of reasonable maintenance did not have any effect upon the estate granted the wife. These items were merely other items granted the wife as alimony.

Pretermitting any question which may arise as to any difficulty that the wife may have in selling the property with the outstanding deed to secure debt thereon, the verdict of the jury granted her fee simple title to the marital home and the restriction upon her right to sell the same for a period of years was void and of no effect. The decree placed title to the property in the wife just as a deed from the husband would have. See § 70 of the Civil Practice Act (Ga. L. 1966, pp. 609, 667; Code Ann. § 81A-170). The verdict and judgment granted a fee simple estate to the wife and the attempt to preclude or limit her right to convey the property for a period of years was void and a nullity. Compare *Jackson v. Jackson,* 215 Ga. 849 (113 SE2d 766), and citations. Accordingly, so much of the verdict and judgment as sought to limit the right of the wife to sell the marital home must be stricken. Code § 110-112; *Veal v. Veal,* 226 Ga. 285, 286 (174 SE2d 435).

■ The amount of alimony granted for the support of the wife and children was not so inadequate as to show bias and prejudice on the part of the jury. Assuming, but not deciding, that a larger verdict would have been authorized by the evidence, yet in the final analysis it is for the jury to determine the amount of such an award and it will not be disturbed unless it is inadequate or excessive as a matter of law. As to the wide latitude given jurors in such cases, see *Holmes v. Holmes,* 222 Ga. 115 (149 SE2d 84), and cits.

*Judgment affirmed with direction. All the Justices concur.*