33763. LeBLANC v. EASTERWOOD.

HALL, Justice.

The central question raised in this appeal is what the jury intended by the following paragraph of their verdict in the parties' divorce: "We the jury, find: For the custodian of the child to be awarded title of the house and property *until the date of July 1, 1977, at which time the house and property shall be sold. Proceeds from the sale of the house and property shall be equally divided between plaintiff and defendant.* Payments for the house mortgage, pool, taxes, and property insurance to be borne by the titleholder until time of sale."

Mrs. LeBlanc, formerly Mrs. Easterwood, was chosen as custodian of the child, and the quoted paragraph establishes her interest in the realty. Some two years after the alimony judgment, she brought the instant action, seeking to have the italicized portion of the award (which was reproduced exactly in the final judgment and decree drafted by the judge) stricken on the theory that the jury awarded her a fee simple absolute in the property and the italicized language was void as an attempted restraint on alienation and as prohibited alimony to her former husband. The trial court denied her motion, and we affirm.

Assuming, without deciding, that it is appropriate for us to reach the merits of an appeal from a motion to

strike and amend a two-year-old judgment, we find Mrs. LeBlanc's argument unpersuasive. Her argument would require us to thwart completely the obvious intention of the jury to split the value of the home between the parties. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code Ann. § 110-105. We think the most reasonable construction of this verdict was that the jury intended Mrs. LeBlanc to have exclusive possession (not ownership) of the house until July 1, 1977. If her interest in the house must be categorized (and it need not be), it would seem to be an estate for years, and not a fee of any kind. See Code Ann. § 85-801.

Mrs. LeBlanc urges that the award to her of "title" must have meant full title, or fee simple absolute. We cannot read so much into one word used by a jury of laymen, especially when that interpretation would make meaningless all the rest of that jury's disposition of the property, including its sale and division of the proceeds. "...[E]very conveyance... shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but, disregarding all technical rules, shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents..." Code Ann. § 85-503. The intention of the jury here was plainly not to give Mrs. LeBlanc the rights and powers of a fee simple absolute owner. "The answer here, of course, is that a fee simple absolute estate was not conveyed. An estate in fee simple absolute is an estate in fee simple which is *not subject* to a special limitation, or a condition subsequent, or an executory limitation. Restatement of the Law, Property § 15." *Floyd v. Hoover,* 141 Ga. App. 588, 591 (234 SE2d 89) (1977).

Mrs. LeBlanc cites *Elrod v. Elrod,* 231 Ga. 222 (200 SE2d 885) (1973) in which a jury verdict was held to create a fee simple absolute in a wife, and an attempted restriction on her right of alienation was voided. That case, however, is distinguishable. The intent of the jury there as to whether they wanted her to have title or only possession of the house, was clarified by inquiry to them

before they dispersed, and thus did not later have to be guessed at from their language. Additionally, the *Elrod* jury was awarding a house to a litigant and attempting to compel her to keep it at least until the youngest child was 18. Such an intent is more consonant with the grant of a fee, than in the instant case where the jury specified a limited award to Mrs. LeBlanc which was terminated abruptly in some two years.

The trial court correctly denied the motion to strike and amend.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 30, 1978 — DECIDED SEPTEMBER 7, 1978.

*Paul E. Cormier,* for appellant.
*J. Dunham McAllister,* for appellee.