34524. CHANDLER v. CHANDLER.

PER CURIAM.

The parties to this appeal were divorced in Clayton Superior Court in 1975. In that action, the jury awarded the marital residence to the wife "with the stipulation that if [the wife] remarries or sells house within 10 years, [the husband] shall receive 1/2 of Fair Market Value." The jury also stipulated that the fair market value of the house was to be established by a licensed appraiser agreed to by both parties.

Pursuant to this decree, when the wife remarried in 1977, the fair market value of the house was appraised at

$40,000. The husband sought one-half of this sum, and upon the wife's refusal to pay over more than one-half of their equity in the house, he filed this attachment for contempt.

The wife argues that the term "fair market value," as used in the jury verdict, should be interpreted to mean "equity value." The trial court, however, determined that the term "fair market value," as used in the jury verdict, was clear and unambiguous and excluded the possibility that the jury meant "equity." Nonetheless, the trial court declined to hold the wife in contempt, having found that her actions were based on a "misunderstanding of the term 'market value' and not because of wilful disobedience." The trial court did order her to pay her former husband one-half of the appraised fair market value of the property or place the property for sale within 60 days. The former wife appeals, and we reverse.

We agree with the trial court that the term "fair market value" is normally clear and unambiguous and thus not amenable to construction. But it is also true that "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code Ann. § 110-105. We find that the "reasonable intendment" of a lay jury in decreeing that a divorced couple shall share equally the "fair market value" of their marital residence is that they shall share equally the fair market value to the extent of their equity in the home.[1] See *LeBlanc v. Easterwood,* 242 Ga. 99 (249 SE2d 567) (1978).

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Marshall, J., who dissent.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED APRIL 5, 1979 — REHEARING DENIED APRIL 17, 1979.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.

---

[1] Of course, a wife may not reduce the husband's equity by encumbrances subsequent to the decree.

*William R. McNally,* for appellee.