## 40211. BACOTE v. WYCKOFF et al.

GREGORY, Justice.

Appellant, Randy Bacote, appeals the judgment of the Superior Court of Fulton County, based upon a jury's verdict, awarding damages to appellees, Bobby Jean Wyckoff and her minor children, and declaring null and void a conveyance of real property from James Wyckoff, appellees' former husband and father, to appellant.

Bobby Jean and James Wyckoff were divorced in December 1978. The settlement agreement between the parties, which was incorporated into and made a part of their final decree, awarded custody of the parties' minor children to Mrs. Wyckoff. The agreement further provided "Plaintiff [wife] to have exclusive occupancy of the marital domicile at 1769 Timothy Drive, S. W.,

Atlanta, Fulton County, Georgia. Defendant [husband] to execute the necessary warranty deed to said property to the children involved within this settlement within 10 days." James Wyckoff never executed "the necessary warranty deed" to his children in spite of several unsuccessful petitions seeking to have him held in contempt for his failure.

The parties stipulated the value of the property during the time in question was $49,000. This property was subject to a $26,000 note secured by a deed to secure debt held by Charter Mortgage Company and a $700 note secured by a second deed to secure debt held by C & S Mortgage Company. While the decree was silent as to who was to pay the two notes on the property, Mrs. Wyckoff made the note payments after the final decree was entered.

During October 1980, Mrs. Wyckoff received a notice of foreclosure informing her that due to default, the Timothy Drive property would be foreclosed on the first Tuesday in November 1980. Appellant Bacote, an attorney, saw the foreclosure advertisement in the Fulton Daily Report, and went to the residence to inquire about the property. Bacote talked to Mrs. Wyckoff, who was occupying the premises with the parties' minor children. Mrs. Wyckoff testified Bacote told her he was in the business of helping poor black people save their houses from foreclosure and asked to see Mr. Wyckoff. She told him that Mr. Wyckoff did not live there, that she knew where he lived but did not know his address, and gave him his telephone number. According to Bacote, he gave Mrs. Wyckoff his business card, told her that he had seen the property advertised, asked if they planned to buy the property back, and told her he was interested in buying the property. Bacote testified that Mrs. Wyckoff told him that he would have to see her husband about that. Bacote admitted he made no inquiry about whether the parties were divorced or what claim she had in the property. Mrs. Wyckoff also admitted she did not volunteer this information. It is undisputed that appellant never saw nor discussed the Timothy Drive property with appellees again until after he claimed some interest in the property.

After the discussion with Mrs. Wyckoff, and after contacting Mr. Wyckoff's former attorney, appellant was contacted by Mr. Wyckoff and a loan or sale of the property was discussed. A second meeting was held three days before the foreclosure which resulted in appellant extending a loan to Mr. Wyckoff in the amount of $2,029 to stop the foreclosure. At that time, Mr. Wyckoff executed a deed to secure debt, a contract of sale and a power of attorney in favor of appellant. The agreement between the two was substantially as follows: Appellant was to extend the initial loan in the amount of $2,029 to Mr. Wyckoff for the purpose of abating the foreclosure; Mr.

Wyckoff to execute a deed to secure debt in the amount of $1,000; the total loan was to be repaid within 90 days; and that an extension of 90 days would be granted to Mr. Wyckoff if he repaid at least $1,000 within the initial 90-day period and execute a warranty deed to appellant to be held in escrow during the extension period. The parties also agreed that appellant would make monthly advances to Mr. Wyckoff in the amount of and for the purpose of keeping the mortgage payments current. These amounts were to be added to the underlying obligation. The amount of the monthly mortgage payments on the property was approximately $367. Appellant advanced this amount to Mr. Wyckoff monthly from November 1980 through April 1981. The total amount loaned by appellant was approximately $4,297. Mr. Wyckoff paid both mortgages during the months in question. No payments were made by appellee during this period although she continued to occupy the premises.

After making the initial loan, appellant checked the deed records in Fulton County and found record title to the premises in the name of James Wyckoff. Appellant admitted he made no further search of the public records concerning this property. A further search would have revealed the following documents: (a) a Lis Pendens filed April 19, 1979 purporting to give notice that the Wyckoffs were divorced and that the final judgment entered affected title to the Timothy Drive property;[1] (b) the final judgment and decree in the Wyckoff's divorce which granted appellees an equitable interest in the marital domicile; and (c) a fi. fa. representing unpaid child support entered on the general execution docket in favor of appellees against James Wyckoff.

In January 1981, Mr. Wyckoff repaid $1,000 of the loan and received an extension of 90 days to repay the balance. Mr. Wyckoff also executed a warranty deed conveying the Timothy Drive property to appellant, with this deed being held in escrow for 90 days. Mr. Wyckoff and appellant had agreed that if the loan was not repaid at the end of the 90-day period, the deed would be recorded and the property would belong to appellant. The balance of the loan was not paid and appellant recorded his deed.

After recording the warranty deed, appellant sought to have appellees removed from the property by filing a dispossessory proceeding in the State Court of Fulton County in the name of James

---

[1] The doctrine of lis pendens is not applicable to a sale after the proceeding in question has finally been passed upon, *Cook v. Hendricks,* 146 Ga. 63 (90 SE 383) (1916), and a reasonable time thereafter. *Land Development Corp. v. Union Trust Co.,* 180 Ga. 785 (180 SE 836) (1935).

Wyckoff and Randy Bacote, agent and successor-in-title. Pending the outcome of this dispossessory proceeding, appellees were ordered to pay both mortgage payments into the registry of the court. This proceeding resulted in a judgment for appellees.

On or about June 9, 1981, appellant filed a second dispossessory action in his own name alleging appellees failed to make the monthly payments as they became due. In response, appellees obtained an order in superior court enjoining the state court action and allowing appellees to pay the mortgages into the registry of the court. Mrs. Wyckoff then filed this present Petition in Equity, individually and as next friend of the minor children, alleging there was a conspiracy between appellant and her former husband to defraud her and the minor children out of their interest in the Timothy Drive property. At the conclusion of trial, the jury found in favor of James Wyckoff, absolving him of any liability. The jury also found in favor of appellees in the amount of $5,000 actual damages, $10,000 punitive damages and $10,000 expenses of litigation against appellant, and that the deed from James Wyckoff to appellant be declared null and void. The trial court entered judgment in accordance with the verdict and further decreed that title to the Timothy Drive property be vested in appellees in accordance with the divorce decree. Appellant brings this appeal from a denial of his motion for new trial.

1. Appellant contends there was insufficient evidence of fraud to support the imposition of damages against him. We agree and reverse that portion of the judgment awarding appellees damages based upon fraud.

The basis of appellees' claim was that the execution of the warranty deed and the subsequent dispossessory proceedings were all a part of a conspiracy between appellant and her former husband to cheat and defraud appellees out of their interest in the property so they could appropriate the equity to themselves. The jury's verdict, exonerating James Wyckoff, negated the conspiracy theory, so any damages awarded against appellant, were awarded on the theory of appellant's fraud.

To recover in tort for fraud, the plaintiff must prove five essential elements: (1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. *Martin Burks Chevrolet v. McMichen,* 136 Ga. App. 845, 847 (222 SE2d 633) (1975); *Eckerd's Columbia, Inc. v. Moore,* 155 Ga. App. 4, 5 (270 SE2d 249) (1980). Appellee's own testimony demonstrates that no fraud was perpetrated upon her in

this action by either of the defendants. Appellee testified she did not communicate with her former husband prior to this litigation. Appellee further testified the only contact she had with appellant was during his initial visit to the property. At that time the only representation made by appellant was that he was in the business of helping poor black people save their houses from foreclosure. Appellee further acknowledged that no action, or inaction, taken by her, was in reliance on any representations made by appellant.

2. Appellant also contends there was insufficient evidence to warrant the trial court's setting-aside his warranty deed from James Wyckoff. Appellant argues he is a bona fide purchaser for value without notice of an equity because at the time he made the loan to James Wyckoff, he had no notice of appellee's interest in the property. We disagree.

"Possession of land shall constitute notice of the rights or title of the occupant." OCGA § 44-5-169 (Code Ann. § 85-408). In order for the possession to have the effect of notice, it must be actual, open, visible, exclusive, and unambiguous. *McDonald v. Dabney,* 161 Ga. 711 (132 SE 547) (1929). "He who takes with notice of an equity takes subject to that equity." OCGA § 23-1-16 (Code Ann. § 37-115). "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge in fixing the rights of the parties." OCGA § 23-1-17 (Code Ann. § 37-116).

The foregoing equitable principles demonstrate that once appellant found appellees in actual, open, visible, exclusive, and unambiguous possession of the property, he had an affirmative duty to inquire of Mrs. Wyckoff concerning appellees' rights in the premises and as a consequence of his failure to do so, he may not now prevail. *Yancey v. Harris,* 234 Ga. 320 (216 SE2d 83) (1975). Appellant's loss here is not traceable to appellees' actions, but to his own failure to perform his statutory duty to inform himself through inquiry as to the true state of the title.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Weltner, J., disqualified.*

DECIDED JANUARY 5, 1984 —
REHEARING DENIED JANUARY 18, 1984.

*Lawson, Washington & Thornton, George O. Lawson, Jr.,* for appellant.

*Randy Bacote,* pro se.

*Kyle Yancey,* for appellees.