68370. JARRETT et al. v. JONES.
(323 SE2d 718)

McMURRAY, Chief Judge.

This case involves a purchase of real property by Mr. and Mrs. Jarrett from Mr. and Mrs. Jones on or about July 30, 1980, under a residential sales contract executed on May 15, 1980. Approximately a year and one-half later (on or about January 1, 1982), the Jarretts discovered a serious water problem in the basement of their house. In regard to this problem, the Jarretts, by letter dated May 17, 1982, informed the Joneses that their basement had been flooding since January 1982; that the flooding was caused by ground water (apparently coming through the floor and walls of the basement); that the water problem was not apparent at the time of purchase; that the Joneses were aware of the problem prior to the purchase; and that as a result of the Joneses' failure to disclose the water problem prior to or at the time of closing, they were under a legal obligation to make the necessary repairs and corrections. In response, Mrs. Jones, through her legal representative, by letter dated June 2, 1982, advised the Jarretts that Mr. Jones was now deceased and, further, denied any liability on her part for repairs and corrections.

Subsequently, on July 29, 1982, the Jarretts brought suit against

Mrs. Martha C. Jones, individually and as the personal representative of Harry L. Jones, deceased. In their complaint, plaintiffs allege that Mrs. Jones (now a resident of Florida) is subject to the jurisdiction of the Superior Court of Fulton County and that she is liable to the plaintiffs for fraud in that she and Mr. Jones deliberately and fraudulently failed to disclose certain defects (i.e., the water problem in the basement) in the property they were purchasing. Plaintiffs sought to recover actual and punitive damages, attorney fees, and compensation for emotional distress.

Mrs. Jones by answer denied the material allegations of plaintiffs' complaint and subsequently filed a motion for summary judgment. The trial court, after considering the pleadings, depositions, affidavits, and arguments on the motion, determined that there was "no genuine issue as to any material fact" and accordingly, entered judgment in favor of defendant. Plaintiffs appeal. *Held*:

Plaintiffs assert that summary judgment for the defendant should not have been granted as genuine issues of material fact remain as to whether the Joneses knowingly concealed the fact that a serious water problem existed in the basement of the house they sold to plaintiffs. We do not agree.

"To recover in tort for fraud, the plaintiff must prove five essential elements: (1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cits.]" *Bacote v. Wyckoff*, 251 Ga. 862, 865-866 (1) (310 SE2d 520). To prevail against defendants' motion for summary judgment on the matter of the alleged fraud, plaintiffs had to establish a genuine issue of fact as to each of the above elements. Review of the record compels us to conclude that plaintiffs were unable to do so.

Here, in essence, plaintiffs attempt to argue that because they experienced a problem with ground water coming through the floor and walls of the basement of their house a year and one-half after they acquired it, there should be an inference that a "ground water" problem existed during the time Mr. and Mrs. Jones owned the house. However, no evidence was introduced by plaintiffs to show that Mr. and Mrs. Jones experienced this particular problem during the time they owned the house. Nor was any evidence introduced to show that a "ground water" problem cannot arise at any particular point in time. On the other hand, the evidence reflects that no "ground water" problem did in fact exist during the time that Mr. and Mrs. Jones owned the house or that, if it did, the Joneses were not aware of it. To this end, the affidavit of Martha C. Jones discloses "[t]hat during the approximately eleven (11) years [she and Mr.

Jones] occupied the house, there was never any problem with water entering the basement and that no unwanted water ever entered the basement except for a relatively small amount which would enter via the steps and exterior/entrance door."

In regard to the rainwater that would sometimes fall down the steps and enter the basement at the entrance door, plaintiffs admit that both Mr. and Mrs. Jones disclosed this fact. The affidavit of the real estate agent discloses "[t]hat she specifically looked at the basement to determine if there was any evidence of water damage and saw none, except for the frame of the entrance door which apparently had been caused by rainwater falling down the stepway," (which, as stated before, was disclosed to the plaintiffs). Further, the Veteran's Administration certificate of reasonable value report shows no water damage in the basement of the type complained of by plaintiffs. Moreover, plaintiffs state that there was no evidence of water problems at the time of acquisition and that it was not until a year and one-half after the purchase that they began experiencing the type of water problem of which they now complain.

The plaintiffs failed to make out a case of fraud. They never introduced evidence to show that false representations were made by the defendants; that at the time they knew they were false; or that they made them with the intention and purpose of deceiving the plaintiffs. This lack of false representations, scienter, and an intention and purpose of deceiving the plaintiffs without more justifies granting the summary judgment. So long as "one essential element under any theory of recovery is lacking . . . defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements." *Waldrep v. Goodwin,* 230 Ga. 1, 2 (1) (195 SE2d 432).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

### DECIDED NOVEMBER 7, 1984.

*Noel H. Benedict,* for appellants.
*Dock H. Davis,* for appellee.