S91A0921. EAVENSON v. PARKER et al.
(409 SE2d 520)

WELTNER, Justice.

1. A divorce decree divided real property between former spouses, and provided that certain anticipated payments by the former husband of marital debts be deducted from the former wife's share, upon the sale of the property. Eavenson is the holder of a security deed from the former wife conveying to him her undivided half interest in the real property. The trial court awarded the wife's portion to the former husband, and rejected Eavenson's claim under the security deed.

2. (a) At no time after the filing of the complaint for divorce was a lis pendens notice filed under OCGA § 44-14-610.[1]

(b) No notice of the decree in favor of the former husband was placed upon the execution docket or the real estate records, as provided by OCGA § 9-12-86 (b).[2]

---

[1] No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property. [Id.]

[2] No judgment, decree, or order or any writ of fieri facias issued pursuant to any judgment, decree, or order of any superior court, city court, magistrate court, munic-

3. Accordingly, Eavenson is a bona fide purchaser for value without notice. Under OCGA § 9-12-81 (b),[3] his interest by virtue of the security deed is superior to the interest of the former husband under the divorce decree.[4]

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

*Thompson, Thompson & Hilbun, Scott B. Thompson, Sr.,* for appellant.
*Donald W. Gillis,* for appellees.

ipal court, or any federal court shall in any way affect or become a lien upon the title to real property until the judgment, decree, order, or writ of fieri facias is recorded in the office of the clerk of the superior court of the county in which the real property is located and is entered in the indexes to the applicable records in the office of the clerk. Such entries and recordings must be requested and paid for by the plaintiff or the defendant, or his attorney at law. [Id.]

[3] As against the interest of third parties acting in good faith and without notice who have acquired a transfer or lien binding the property of the defendant in judgment, no money judgment obtained within the county of the defendant's residence in any court of this state or federal court in this state shall create a lien upon the property of the defendant unless the execution issuing thereon is entered upon the execution docket. When the execution has been entered upon the docket, the lien shall date from such entry. [Id.]

[4] On return of the remittitur, the trial court may impose upon Eavenson's interest appropriate charges for taxes and debt services borne by Parker.