A92A2162. WATSON v. WACHOVIA NATIONAL BANK OF GEORGIA, N. A.
(429 SE2d 111)

ANDREWS, Judge.

Watson sued Wachovia National Bank for interference with her interest in real property acquired under the terms of a divorce decree. Watson appeals from the trial court's order granting summary judgment in favor of the Bank.

Under a divorce decree dated October 6, 1986, Watson was granted exclusive possession of the former marital residence and the right to receive half of the proceeds when the house was eventually sold. The decree ordered the former husband, in whom the house was titled, to make the mortgage payments on the house, and not to create any additional liens or encumbrances against the property. In December 1987, the former husband borrowed money from the Bank, and without notice to Watson, and in violation of the divorce decree, created a second mortgage on the property by conveying the property at issue to the Bank in a deed to secure debt as security for the loan.

The Bank presented evidence that its title examination of the public records conducted prior to the loan closing failed to reveal Watson's interest in the property under the divorce decree. A lis pendens notice respecting the property was filed of record during the pendency of the divorce proceedings in 1985, but the doctrine of lis pendens does not apply to give notice where, as here, the conveyance at issue occurred long after the final divorce decree was entered. *Bacote v. Wyckoff*, 251 Ga. 862, 864, fn. 1 (310 SE2d 520) (1984); *Patent Scaffolding Co. v. Byers*, 220 Ga. 426, 433 (139 SE2d 332) (1964). Moreover, the former husband signed an owner's affidavit at the loan closing stating that he knew of no claims under any unrecorded instrument, nor of any suits, judgments or liens which could affect title to the property. Watson does not claim the divorce decree was recorded, but asserts her open, exclusive possession of the property was

sufficient to put the Bank on notice, and trigger an affirmative duty to inquire as to her rights in the property. See OCGA § 44-5-169; *Bacote*, supra at 866.

Watson contends the debt deed placed on the property in favor of the Bank interfered with her property rights, and ultimately caused the loss of her interest in the property by foreclosure. After the debt deed was recorded in December 1987, the Bank became aware of the existence of the divorce decree and Watson's interest in the property, however, there is no evidence the Bank took any action to interfere with Watson's interest, possession, or use of the property. In August 1986, after conferring with her attorney, Watson consented to an agreement whereby her former husband refinanced the debt over the property. The Bank relinquished its debt deed; the property was conveyed by deed to secure debt to a new lender; and Watson consented in writing to substitution of the new mortgage over the property. Subsequently, the former husband defaulted, and the new lender foreclosed on the property terminating Watson's interest.

The trial court granted summary judgment to the Bank on the basis that Watson's loss of property rights in the foreclosure by the new lender was not the result of any action taken by the Bank, but was caused when, against the advice of her attorney, Watson waived her rights and voluntarily agreed to the substitution of the mortgage in favor of the new lender.

Pretermitting the waiver issue, we agree the Bank was entitled to summary judgment. The interest Watson claims in title to the property was granted to her, not by deed, but under the terms of the judgment for divorce. See *Richardson v. Park Avenue Bank*, 173 Ga. App. 43 (325 SE2d 455) (1984) (divorce decree transfers interest in property as would a deed); *LeBlanc v. Easterwood*, 242 Ga. 99 (249 SE2d 567) (1978); OCGA § 9-11-70. Given that the judgment by which Watson obtained an interest in the property was not recorded, her open possession of the property was the only notice which could prevent the Bank from claiming the status of a bona fide purchaser for value without notice, and asserting the priority of its debt deed over Watson's interest under the divorce judgment. See *Eavenson v. Parker*, 261 Ga. 607 (409 SE2d 520) (1991). Thus, possession sufficient to put the Bank on notice of her interest was essential to Watson's claim against the Bank. Assuming without deciding such possession was sufficient to provide notice to the Bank under OCGA § 44-5-169, Watson's interest in the property by virtue of the unrecorded judgment would have had priority over the Bank's subsequent recorded debt deed. See *Price v. Watts*, 223 Ga. 805-806 (158 SE2d 406) (1967) (construing OCGA §§ 44-2-1 and 44-2-2). Since there is no evidence the Bank made or acted on any claim, its interest was superior to Watson's, nor did it otherwise interfere with her possession of the

property, there was no basis for a claim the Bank interfered with Watson's interest in or possession of the property. See OCGA §§ 51-9-1; 51-9-3.

Appellee's motion to dismiss the appeal is denied.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1993 —
RECONSIDERATION DENIED MARCH 12, 1993 —

*Walker & Bailey, David S. Walker, Jr.,* for appellant.

*Alston & Bird, T. Michael Tennant, Elizabeth A. Gilley, A. Mc-Campbell Gibson,* for appellee.

