### 31547. NEWELL v. NEWELL.

JORDAN, Justice.

Susan B. Newell, now Schreiber, appeals from a judgment refusing to find her former husband, J. Richard Newell, Jr., in contempt for failing to comply with paragraph 7 of their agreement which was incorporated into the judgment of the court in their divorce action.

The agreement recited that it was the intention of the parties to settle their "property rights, alimony, maintenance, division of property, etc." Paragraphs 3 through 5 provided for the division of various items of personal property between them. Paragraph 6 provided for monthly payments of alimony for 30 months.

Paragraph 7 stated that the appellee was the owner of a described tract of land, and provided: "As to the above described tract and parcel of land, the husband does agree that in the event that said tract and parcel of land is either sold or developed that he will pay to the wife the fair market value of said 18.30 acres as heretofore described as a payment of alimony. The fair market value of said tract and parcel of land is to be determined at the time of the sale or development by the sale price of said tract and parcel of land heretofore described."

The divorce decree was entered on April 20, 1973. The appellant remarried on September 7, 1974. On January 4, 1975, the appellee executed a warranty deed to himself as trustee for the two sons of the parties covering the property described in paragraph 7 of the agreement. On the same date the appellee, as trustee, conveyed this property to W. B. Moore, Jr., for $27,450.

The trial judge held that paragraph 7 of the agreement was a provision for alimony, and that the appellee's duty to comply with it ceased on the appellant's remarriage. He further held that, if he had found the provision of paragraph 7 to be a property settlement, he would have held the appellee in contempt.

Code § 30-209, as amended by Ga. L. 1966, p. 160,

provides in the last sentence: "All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree."

In construing the 1966 amendment this court has held that alimony in a lump sum, or in gross, is in the nature of a property settlement, whether designated as such or as alimony, and that the statutory provision for termination of alimony on the remarriage of the wife is not applicable to such a property settlement. *Shepherd v. Shepherd,* 223 Ga. 609 (1) (157 SE2d 268) (1967); *Eastland v. Candler,* 226 Ga. 588 (1) (176 SE2d 89) (1970); *Herbert v. Huggins,* 231 Ga. 489 (202 SE2d 443) (1973); *Morris v. Padgett,* 233 Ga. 750 (2) (213 SE2d 647) (1975); *Bennett v. Bennett,* 236 Ga. 764 (225 SE2d 264) (1976).

The provision in paragraph 7 for the payment to the appellant of the amount realized from the sale of designated property was an item of property settlement, which would not terminate by reason of Code § 30-209, as amended, on the appellant's remarriage.

Paragraph 7 related to an event which might happen in the future, and declared that the appellee on the happening of the event shall pay the appellant the market value of the property determined by the sale price thereof. The language in the paragraph is in sharp contrast with that in paragraph 6 which specifically provided for the termination of the alimony payments provided therein on the remarriage of the appellant, and compels the construction that the remarriage of the appellant did not terminate the obligation of paragraph 7. The sale of the property came within the terms of paragraph 7, and there was no ambiguity in the paragraph which would authorize a factual determination of the intent of the parties.

The fact that the appellee made a deed to himself as trustee, and then sold the property as such trustee, would not defeat the appellant's right to have the proceeds of the sale.

This case is distinguishable from *Dozier v. Dozier,* 229 Ga. 306 (191 SE2d 57) (1972), in which it was held that a property settlement agreement would not be

710

enforceable by contempt where neither the divorce decree nor the agreement commanded performance thereof. In the present case the divorce decree ordered and directed that the parties comply with all the provisions of the agreement.

The trial judge erred in refusing to hold the appellee in contempt for failure to perform his obligation under paragraph 7 of the agreement.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED OCTOBER 5, 1976.

*Strother & Weiner, John R. Strother, Jr.,* for appellant.

*Edward E. Carter, James C. Watkins,* for appellee.