## 34349. ELLIOTT v. ELLIOTT.

MARSHALL, Justice.

As stated in the appellant's brief, "[t]his appeal raises one issue and only one issue": Is a settlement agreement of the parties, incorporated into their final divorce decree, an agreement for the payment of alimony or a property settlement agreement?

This is an action brought by the appellant former husband to set aside the divorce decree. He argues that he has a defense to the award of alimony to the wife of which he was unaware during the divorce proceeding. At least impliedly, he concedes that if the agreement is a property settlement agreement rather than alimony, as found by the trial court, he has no defense. Accordingly, we address only that one issue.

The agreement provides, in pertinent part, as follows: The marital residence is conveyed to the husband; one of the parties' automobiles is given to the wife, and another of the parties' automobiles is given to the

husband; the parties' personal effects are to be divided between them in accordance with a separate agreement; and the husband is to transfer 80 shares of Eastern Airlines stock to the wife and give her $20,000 as a "lump sum alimony settlement."

We agree with the trial court that this is a property settlement agreement. This court has held on numerous occasions that alimony in a lump sum is in the nature of a property settlement, whether designated as such or as alimony, because the amount owed by the husband to the wife is a definite, ascertainable sum. See *Newell v. Newell,* 237 Ga. 708 (229 SE2d 449) (1976) and cits.

Having found the one error enumerated by the appellant to be without merit, we affirm the judgment from which this appeal is taken.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1979 — DECIDED FEBRUARY 15, 1979.

*Jack P. Turner, John P. Wilson, III,* for appellant.
*L. C. Chrietzberg,* for appellee.