LARRY E. ELLIS AND BILLIE S. ELLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 507-78.
United States Tax Court
T.C. Memo 1980-145; 1980 Tax Ct. Memo LEXIS 440; 40 T.C.M. (CCH) 267; T.C.M. (RIA) 80145; April 28, 1980, Filed *440 Held: Conveyance of a residence in fee simple by petitioner to his former spouse pursuant to a divorce decree is a lump sum payment not subject to any contingencies and accordingly the value of the residence is not deductible under section 215, I.R.C. 1954. H. Greely Joiner, Jr., for the petitioners. Roy L. Allison, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency of $10,775 in petitioners' 1973 Federal income taxes. As a result of concessions by petitioners, the issue presented for our determination is whether under section 215[1] petitioners are entitled to deduct an amount equal to the fair market value of a residence transferred from petitioner to his former spouse under the terms of a divorce decree. Additionally, we address respondent's motion for summary judgment made pursuant to Rule 121 of the Tax Court Rules of Practice and Procedure respecting petitioners' prayer that they be awarded all costs of this proceeding. All of the facts have been stipulated and are found accordingly. Petitioners were residents of Chattanooga, *441 Tennessee at the time they filed their petition. Petitioners filed a joint Federal income tax return for 1973 with the Southeast Service Center, Chamblee, Georgia. Larry E. Ellis (hereinafter petitioner) was married to Janice Tatum Ellis on June 17, 1962 and divorced from her on December 5, 1973 pursuant to a decree issued by the Superior Court, Whitfield County, State of Georgia. One child, Mark Lawson Ellis, was born on November 29, 1965 during the marriage of petitioner and Janice Tatum Ellis. At the time of the divorce proceeding, the family residence was located in whitfield County, Georgia. The final divorce judgment issued by the Georgia court ordered that petitioner pay his former spouse two hundred dollars per month commencing January 1, 1974. Additionally, the court awarded all of petitioner's right, title and interest in the family residence in fee simple to his former spouse. Pursuant to this order, petitioner conveyed the residence to Janice Tatum Ellis by executing a quitclaim deed which was filed and recorded on January 10, 1974. Petitioner, in 1973, claimed a deduction for alimony in the sum of $39,469 [2] which included the fair market value ($35,000) of the transferred *442 residence. Subsequently, petitioner amended his 1973 return reducing his claim for an alimony deduction by $7,850 to reflect the outstanding mortgage on the residence. In the notice of deficiency, respondent disallowed the alimony deduction attributable to the transfer of the residence on the ground that it did not qualify as a periodic payment under section 71(a) so as to be deductible under section 215. Section 215 allows a husband a deduction for alimony payments that are taxable to the wife and paid her during the husband's taxable year. Section 71(a)(1) requires a divorced or legally separated wife to include in gross income periodic payments received from her husband after the decree of divorce or separate maintenance pursuant to a legal obligation which, because of the marital relationship, is imposed on or incurred by the husband under a decree or written instrument incident to divorce or separation. Periodic payments are payments *443 of a fixed amount for an indefinite period or payments of an indefinite amount for either a fixed or indefinite period. A lump sum payment which immediately discharges an entire obligation in the decree, instrument or agreement is not a periodic payment. Section 71(c) provides that installment payments on a lump sum obligation specified in the decree or written instrument shall not be treated as periodic payments subject to the limitation that if the principal sum is to be paid over a period of more than ten years from the date of the decree or instrument then the installments shall be treated as periodic payments. However, installments payable over a period of ten years or less may still qualify as periodic payments if they are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife or change in the economic status of either spouse and such payments are in the nature of alimony or an allowance for support. Section 1.71-1(d)(3)(i), Income Tax Regs.
The controversy in this case involves the portion of the final judgment of divorce awarding the family residence to petitioner's former spouse. The relevant segment of the judgment provides: ORDERED *444 AND ADJUDGED, that the defendant (Larry E. Ellis) pay to the plaintiff as periodic alimony the amount of Two Hundred ($200.00) Dollars each month, with the first payment to be due on January 1, 1974; all the defendant's right, title and interest in and to the following described real estate is hereby awarded in fee simple to the plaintiff subject to any indebtedness against same * * *. There follows a description of the property. Petitioner contends that the judgment awards the former spouse both money and the residence as periodic alimony. Respondent argues that the award of the residence does not qualify as periodic alimony and asserts that the decree provides for two types of payment: (1) the award of two hundred dollars per month which constitutes a periodic payment and (2) a lump sum award of the residence. Alternatively, respondent argues that the label assigned by a state court to payments made to a spouse, pursuant to a decree or agreement, is not determinative for tax purposes. He maintains that an alimony payment is deductible only if it is periodic within the purview of section 71. The label that has been assigned to the payments to a spouse in an agreement of the parties *445 or in a divorce decree is not conclusive. Thompson v. Commissioner,50 T.C. 522 (1968). In Thompson the issue before the Court was whether payments to a divorce spouse were in the nature of alimony or whether such payments could be characterized as a property settlement. The Court concluded that the payments were alimony but indicated that the reference to the payments as alimony in the state court decree was not conclusive. Therefore, even if we accept petitioner's reading of the divorce decree, we are not bound for purposes of Federal income taxation by its characterization of payments as periodic alimony. [3] *446 "Periodic payments are payments made at different times, which, as to amount or duration, are indefinite, as distinguished from installment payments which are said to be payments made periodically of amounts equal or unequal, as portions of a definite and established whole." Mertens Law of Federal Income Taxation, Vol. 5, sec. 31A.03. The same treatise at sec. 31A.04b states: "* * * a payment in kind which represents a single lump sum payment would not be deductible at all by the husband * * *." We find that petitioner's conveyance of the residence to his former spouse immediately discharged an obligation under the decree and was a lump sum payment. The transfer of the residence had none of the characteristics of a periodic payment. Relying on Ga. Code Ann. sections 30-201[4] and 30-209[5] *448 petitioner alternatively argues that the transfer of the residence was in the nature of alimony and was subject to the contingency of remarriage. *447 Thus, petitioner concludes that the requirements of section 1.71-1(d)(3)(i), Income Tax Regs. have been satisfied resulting in a deductible periodic payment. We disagree with petitioner's analysis of Georgia law. As noted earlier the transfer of petitioner's residence was in satisfaction of a lump sum award. Alimony in gross, or in a lump sum, is in the nature of a final property settlement. Eastland v. Candler,176 S.E.2d 89, 226 Ga. 558 (1970); Newell v. Newell,229 S.E.2d 449, 237 Ga. 708 (1976). Thus, while Georgia law still applies the term "alimony" to such a payment we cannot allow its terminology to cloud the substance of the payment. Therefore, the transfer of the residence does not meet the condition that the payment be in the nature of alimony. Second, assuming arguendo that the award of petitioner's residence to his former spouse was in the nature of alimony we do not believe that it was subject to the contingency of remarriage. Ga. Code Ann. section 30-209[6] which imposes the contingency is not applicable to fixed or lump sum obligations. Stock v. Commissioner,551 F.2d 614 (5th Cir. 1977); Newell v. Newell,supra.Consequently, the lump sum award of a residence cannot be viewed as contingent upon the remarriage of petitioner's former spouse. Petitioner *449 in citing Coleman v. Coleman,240 Ga. 417, 240 S.E.2d 870 (1977), argues that if the wife had remarried prior to the recording of the final judgment, then petitioner's obligation to pay alimony would have ceased and thus the transfer of the residence was subject to a contingency of remarriage. Coleman however is clearly distinguishable. In that case, a divorce was granted on the pleadings by the lower court on June 24, 1976 with the issue of alimony reserved for a future trial. The wife remarried on July 18, 1976. In December of 1976, the trial court decided the alimony issue and entered its final decree nunc pro tunc as of June 24, 1976. On appeal, it was held that the award of a house, furnishings and automobile to the wife as permanent alimony was not authorized where the wife was already remarried when the decree was entered. Thus, a decree ordering alimony payments which is entered after the remarriage of the wife would have no legal effect under Georgia law. Consequently, the obligation to make payments pursuant to a court decree would never arise. The provision in sec. 1.71-1(d)(3)(i), Income Tax Regs., construing support payments which are contingent upon remarriage, *450 as periodic, concerns only obligations to make payments under a decree, instrument or agreement. Therefore, it is clear that the contingency of remarriage referred to in the regulations presupposes that a legally valid alimony decree was issued. Accordingly, the transfer of petitioner's residence to his former spouse does not qualify as a periodic payment under section 71 and is therefore not deductible under section 215. Respondent has moved for summary judgment respecting petitioners' prayer for an award of all costs of this proceeding. This Court is without authority to award costs or attorney's fees to petitioners herein. See Key Buick Co. v. Commissioner,613 F.2d 1306 (5th Cir. 1980), affg. 68 T.C. 178 (1977); [7] *451 Olick v. Commissioner, 73 T.C.     (December 17, 1979), on appeal (9th Cir. March 14, 1980). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. Petitioner's claimed alimony deduction was computed as follows: ↩
General Expenses
$1,655.78
Drug Expenses
232.98
Medical Expenses
433.50
Alimony under Temporary Order
1,947.00
Alimony Under Final Decree
200.00
Fair Market Value of Residence
35,000.00
$39,469.26
3. It would appear that an analysis of Georgia law would lead one to the inescapable conclusion that the petitioner's divorce decree must be construed as granting a lump sum award of a residence. For example, on the issue of application for revision of a judgment for permanent alimony, Ga. Code Ann. section 30-222 in effect for the year in issue provided: Same; revision proceeding applicable only to judgments for periodic payments.--Such an application, as hereinbefore authorized, can be filed only where the husband has been ordered by the final judgment in an alimony, or divorce and alimony suit, to pay permanent alimony in weekly, monthly, annual or similar periodic payments, and not where the wife, or child or children, or both, have been given an award from the corpus of the husband's estate in lieu of such periodic payment.
4. Ga. Code Ann. section 30-201 in effect for the year in issue provided: Definition. Permanent and temporary.↩--Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent. 5. Ga. Code Ann. section 30-209 in effect for the year in issue provided: Jury may provide permanent alimony; factors in determining amount; effect of remarriage by wife.--The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband. In all cases where alimony is awarded to the wife, her separate estate and earning capacity, as well as any fixed liabilities of the husband for the support of minor children, shall be taken into consideration in fixing the amount. All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree.
6. See fn. 5, supra↩.
7. Our opinion in Key Buick Co. v. Commissioner,613 F.2d 1306 (5th Cir. 1980), affg. 68 T.C. 178 (1977) concluded that this Court is without authority to award attorney's fees as costs in any case. The Fifth Circuit opinion in Key Buick agreed that generally this Court would be without authority to award attorney's fees and assess same as costs. However, the circuit court stated that in any instance in which a taxpayer is cast in a defendant's role before the Tax Court, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. sec. 1988↩, empowers the Tax Court to award attorney's fees and assess same as costs. This exception to the general rule carved out by the Fifth Circuit has no application to the instant case. We express no opinion as to whether, for purposes of future cases not directly appealable to the Fifth Circuit, we adopt the portion of the Fifth Circuit opinion relating to the exception to the general rule.