S90A0021. SPENCE v. HILLIARD, P. C. et al.
(389 SE2d 753)

CLARKE, Chief Justice.

This appeal arises out of a legal malpractice action that Pat Spence brought against Hilliard and Raeburn. The jury returned a verdict that awarded no "actual damages" but awarded $58,000 in "minimal" damages. Hilliard and Raeburn filed a motion for new trial or to modify the verdict. The judge denied the motion for new trial, but, relying on OCGA § 51-12-12, he reduced the award of damages to $300. Spence appeals, asserting alternatively that the judge misconstrued the statute, or that the statute is unconstitutional.

1. The first issue presented is whether OCGA § 51-12-12 authorizes the trial judge to reduce a jury's damage award. We conclude that it does not. OCGA § 51-12-12 provides in part as follows:

(a) The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or excessive as to be inconsistent with the preponderance of the evidence in the case.

(b) If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court.

Under the plain language of the statute a judge has three alternatives when a jury makes an award of damages that is clearly inadequate or excessive. The judge may (1) grant a motion for new trial; (2) grant a motion for new trial as to damages only; or (3) conditionally grant a motion for new trial. The third option gives the trial judge the opportunity to give the litigants the benefit of his or her trial experience and to spare the parties the expense and trouble of a new trial. Under this provision of the statute, the trial judge calculates an appropriate damage award. The parties then have an opportunity to accept the trial court's award and end the case, or reject it and proceed with a new trial.

All three statutory options involve *granting* a motion for new trial. All three give the litigants a second opportunity to present their claims to a jury. The statute does not authorize a trial judge to do what the judge did in this case — that is, reduce a damage award and deny a motion for new trial.

2. Having so construed the statute, it becomes immediately apparent that the statute does not deprive a litigant of the right to jury trial as guaranteed by Art. I, Sec. I, Par. XI of the Constitution of Georgia of 1983. Thus, our construction of OCGA § 51-12-12 moots appellant's constitutional arguments.

Review of appellant's remaining enumerations of error reveals them to be without merit. The order of the trial court denying the motion for new trial is vacated and the case is remanded for reconsideration of the motion in light of this court's interpretation of OCGA § 51-12-12.

*Vacated and remanded. All the Justices concur.*

DECIDED APRIL 5, 1990 —
RECONSIDERATION DENIED APRIL 18, 1990.

*Tony Center,* for appellant.
*Fortson & White, Bruce H. Beerman, Beth H. Paradies,* for appellees.