## S90A0782. GRIGGS v. GRIGGS.
### (392 SE2d 11)

WELTNER, Justice.

In a divorce action, a jury awarded to the wife the marital residence, personal property, two automobiles, and funds in various accounts. The husband was awarded two automobiles, personal property, and all accounts in his name. The trial court granted the husband's motion for a new trial as to equitable division of the marital residence only. We granted the wife's application for discretionary appeal to determine the appropriateness of this order.

1. In *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988), we analyzed the trial court's amendment of a jury verdict in light of OCGA § 9-12-7, as follows:

OCGA § 9-12-7 provides, in part:

"[A]fter a verdict has been received and recorded and the

jury has been dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise."

We must assume that the allocation of resources, under the scheme adopted by the jury in its verdict, was based upon the jury's expectation that no party would be required to pay litigation costs incurred by the other party. The trial court's award of a substantial sum in litigation expenses to the wife worked a change "in matter of substance" of the jury's allocation of resources between the parties. Accordingly, the case must be remanded for a new trial. [Id. at 717.]

2. Applying the reasoning of *Stone*, supra, we hold that the trial court should not have granted a new trial on a sole issue of equitable division. The motion must be granted or denied.[1] If it is granted, all issues of the allocation of economic resources must be determined de novo.

*Judgment reversed and case remanded for appropriate order on the motion for new trial. All the Justices concur.*

DECIDED JUNE 8, 1990.

*Bruce A. Wilson*, for appellant.
*Joyner & Joyner, Gail Tusan Joyner*, for appellee.

---

[1] See also *Spence v. Hilliard*, 260 Ga. 107 (389 SE2d 753) (1990) (trial court may not reduce a jury's damage award; under OCGA § 51-12-12, trial court may (1) grant motion for new trial, (2) grant motion for new trial as to damages only, or (3) condition grant of new trial upon any party's refusal to accept amount determined by trial court).