A94A1151. WILLIS et al. v. LISLE.
(450 SE2d 826)

McMURRAY, Presiding Judge.

In this tort action, plaintiff Lisle obtained a jury verdict and judgment against individual defendants Willis and McMillan, and against defendant Precision Sheet Metal Products of Georgia, Inc. The judgment included an award of punitive damages in the amount of $175,000 against the individual defendants. The defendants filed their motion for new trial, and upon consideration thereof, the trial court determined that the award of punitive damages was so clearly excessive as to be inconsistent with the preponderance of the evidence. The trial court entered its order noting these conclusions, its decision to reopen the judgment pursuant to OCGA § 9-11-50 (b), and its determination that $90,000 would be an appropriate punitive

damages award. Purporting to act pursuant to OCGA § 51-12-12, the trial court conditionally granted the defendants' motion for new trial unless plaintiff "provides written acceptance of the revised punitive damage award to the Court within 10 days of the date of this Order. . . . Upon acceptance of the reduced punitive damage award being filed with the Court, Defendants' Motion for New Trial will stand denied as of the date of filing, without further order of the Court." Plaintiff's acceptance of the reduced punitive damages award was filed within the time allowed by the trial court's order and the individual defendants filed their notice of appeal. *Held:*

The trial court erred in failing to afford the individual defendants any opportunity to reject the reduced amount of punitive damages determined by the trial court. In *Spence v. Hilliard*, 260 Ga. 107 (1), 108 (389 SE2d 753) our Supreme Court construed OCGA § 51-12-12 as follows: "Under the plain language of the statute a judge has three alternatives when a jury makes an award of damages that is clearly inadequate or excessive. The judge may (1) grant a motion for new trial; (2) grant a motion for new trial as to damages only; or (3) conditionally grant a motion for new trial. The third option gives the trial judge the opportunity to give the litigants the benefit of his or her trial experience and to spare the parties the expense and trouble of a new trial. Under this provision of the statute, the trial judge calculates an appropriate damage award. The parties then have an opportunity to accept the trial court's award and end the case, or reject it and proceed with a new trial.

"All three statutory options involve *granting* a motion for new trial. All three give the litigants a second opportunity to present their claims to a jury. The statute does not authorize a trial judge to do what the judge did in this case — that is, reduce a damage award and deny a motion for new trial."

While plaintiff maintains that the statutory language gives a trial judge discretion to condition the grant of a new trial on the rejection by any party the court chooses to designate, we do not agree. Bearing in mind that the amount of damages deemed appropriate by the trial judge stands as a substitute for a jury verdict which the trial court has determined to be inadequate or excessive, and that based upon the above construction of the statute, the Supreme Court of Georgia, in the second division of *Spence v. Hilliard*, supra, rejected a contention that the statute deprived litigants of the right to jury trial, it appears that the statutory scheme envisions that any party may reject the damage award of the trial court which is substituted for the jury verdict. If the trial court were permitted to designate less than all of the parties to accept or reject the trial court's damage award, those not designated would be deprived of their right to a jury trial.

We have reviewed each of the remaining enumerations of error

and found them to be without merit. The trial court's order on the motion for new trial is vacated and the case remanded for reconsideration in the light of this opinion. *Spence v. Hilliard*, 260 Ga. 107, 108 (2), supra.

*Judgment vacated and case remanded. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 19, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994 — 

*Andersen, Davidson & Tate, Thomas T. Tate, William M. Ray II*, for appellants.

*Finch, McCranie, Brown & Thrash, Charles E. McCranie, Webb, Tanner & Powell, Anthony O. L. Powell, Steven A. Pickens*, for appellee.