## S95G0407. LISLE v. WILLIS et al.
(463 SE2d 108)

Fletcher, Presiding Justice.

A jury awarded compensatory and punitive damages to F. W. Lisle on his fraud and fraudulent conveyance claims against Isaac Willis and others. The trial court found the award excessive and conditionally granted Willis a new trial unless Lisle accepted a reduced punitive damages award. Lisle accepted the reduced award and Willis' motion for a new trial was denied. Willis appealed and the Court of Appeals reversed.* This Court granted certiorari to consider which parties must agree to a reduced damages award under OCGA § 51-12-

---

* *Willis v. Lisle*, 215 Ga. App. 191 (450 SE2d 826) (1994).

12 (b). We hold that the statute permits a trial court to condition the grant of a new trial on the refusal of the adversely affected party to accept the reduced award. Because the trial court followed this rule, we reverse the Court of Appeals' decision.

1. The Tort Reform Act of 1987 codifies into state law the concept of remittitur and additur in connection with jury verdicts.[2] OCGA § 51-12-12 (b) provides:

> If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court.

This Court concluded in *Spence v. Hilliard* that this subsection does not give a trial court authority to unilaterally reduce a jury's damages award and then deny a new trial, but instead gives three alternatives to trial judges in dealing with inadequate or excessive jury awards.[3]

This case involves the statute's third option, the conditional grant of a motion for a new trial. The issue is whether "any party" in subsection (b) means the prevailing party, as the trial court's order implies, or both parties, as the Court of Appeals held based on *Spence*. Although the language in *Spence*, taken literally, supports the Court of Appeals' decision, that case did not deal with the interpretation of the term at issue in this case.[4] We conclude now that the phrase "any party's refusal" refers to the party adversely affected by either the grant of a new trial or the modified damages award. Therefore, we hold that a trial court may condition the granting of a new trial on the plaintiff's refusal to remit the portion of the jury award that the court determines is excessive.

The statute's language supports this holding. OCGA § 51-12-12 allows the trial court to interfere with a jury verdict in two situations: the jury's award of damages is either "so inadequate" or "so excessive" that the verdict is contrary to the preponderance of the evidence. Because the trial court may intervene in two contrary situations, the statute does not state which side — plaintiff or defendant — must accept the modified award. Instead, the statute uses the neu-

---

[2] See Black's Law Dictionary 36, 1161 (5th ed. 1979); see also *Woodbury v. Whitmire*, 246 Ga. 349, 350 (271 SE2d 491) (1980) (trial court may condition the denial of a new trial on the plaintiff's remittitur when the jury should not have awarded "a definite and readily ascertainable portion of a verdict").

[3] 260 Ga. 107, 108 (389 SE2d 753) (1990).

[4] See id. (stating that the "parties" should have the opportunity to accept or reject the trial court's award).

tral term "any party." Thus, if the trial court concludes that the jury's award is inadequate, it would conditionally grant a new trial unless the defendant consents to an increased damages award for the plaintiff. Conversely, if the trial court concludes that the jury's award is excessive, as happened here, it would conditionally grant the new trial unless the plaintiff accepts a decreased damages award.[5]

Interpreting the statute to require the consent of only the adversely affected party comports with the rules of statutory construction.[6] It implements one legislative purpose in passing the tort reform act by sparing the parties and court the delay and expense of a new trial, thus bringing the "litigation to as speedy and expeditious end as is reasonable."[7] In addition, it gives effect to all the statute's provisions, unlike Willis' interpretation that the statute requires both parties to accept any court-modified award. An agreement by both parties would be a settlement encouraged by the judge and would render the statute superfluous.

2. We also reject Willis' argument that this interpretation violates his constitutional right to a trial by jury.[8] More than a century ago, the United States Supreme Court ruled that the plaintiff's remission of part of the verdict did not deprive the defendant of his constitutional right to have a jury decide the question of damages under the Seventh Amendment of the United States Constitution.[9] The Court reasoned that the defendant was not harmed. For a trial court

> [t]o indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require a plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes that objection, certainly does not deprive the defendant of any right, or give *him* any cause for complaint.[10]

Applying this rationale, we hold that the remittitur permitted under OCGA § 51-12-12 (b) does not violate the State Constitution's guarantee of a jury trial.[11] Willis received a jury trial on the amount of punitive damages that should be awarded Lisle and retained the

---

[5] See James W. Moore & Jo Desha Lucas, 6A Moore's Federal Practice, ¶ 59.08 [7] (2d ed. 1992).

[6] See *Bd. of Trustees v. Christy*, 246 Ga. 553, 554-555 (272 SE2d 288) (1980).

[7] 6A Moore's Federal Practice, ¶ 59.08 [7]; *Spence v. Hilliard*, 260 Ga. at 108.

[8] See Ga. Const., Art. I, Sec. I, Par. XI (1983).

[9] *Arkansas Valley Land &c. Co. v. Mann*, 130 U. S. 69 (9 SC 458, 32 LE 854) (1889); see also *Woodbury*, 246 Ga. at 350 (a plaintiff's remittitur of the excessive portion of the verdict does not violate the Seventh Amendment's guarantee of a jury trial).

[10] *Arkansas Valley Land &c. Co.*, 130 U. S. at 74.

[11] Because this case involves only a reduction of the jury award, we do not address the constitutionality of additur or increasing a jury verdict.

right to show on appeal that Lisle was not entitled to any punitive damages.[12] Moreover, the amount that Lisle accepted was less than the verdict that the jury awarded so that the effect of the remittitur was to eliminate the unlawful excess.[13] Under these circumstances, giving Lisle a choice between remitting part of the jury award or submitting to a new trial, without requiring Willis' consent, did not violate Willis' constitutional right to a jury trial.

3. The trial court's decision on a motion for a new trial will be upheld on appeal unless it was an abuse of discretion. After reviewing the record, we conclude that the trial court did not abuse its discretion in conditioning the grant of Willis' motion for a new trial on Lisle's refusal to accept the reduced punitive damages award. Because Lisle consented to the punitive damages award as reduced by the trial court, the condition for the grant of a new trial was not met and Willis' motion was properly denied.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 23, 1995 —
RECONSIDERATION DENIED NOVEMBER 20, 1995.

*Webb, Tanner & Powell, Anthony O. L. Powell, Steven A. Pickens,* for appellant.
*Andersen, Davidson & Tate, Thomas T. Tate, Jonathan D. Crumly,* for appellees.

---

[12] See *State of Ga. v. Moseley,* 263 Ga. 680, 681 (436 SE2d 632) (1993), cert. denied, ____ U. S. ____ (114 SC 2101, 128 LE2d 663) (1994).

[13] See *Dimick v. Schiedt,* 293 U. S. 474, 486 (55 SC 296, 79 LE 603) (1935) ("Where the verdict is excessive, . . . the remittitur has the effect of merely lopping off an excrescence.").