A00A1018. DUNN v. FIVE STAR DODGE-JEEP-EAGLE-MAZDA, INC.

(537 SE2d 782)

POPE, Presiding Judge.

On March 31, 1995, Dunn filed suit against Five Star Dodge-Jeep-Eagle-Mazda, Inc. and alleged that, by and through its agents, it wilfully misrepresented the age of a car that it sold to Dunn. Five Star denied the allegations. The case was tried to a jury, and on June 24, 1998, the jury awarded Dunn $2,000 in compensatory damages and $50,000 in punitive damages.

Five Star filed two post-trial motions: (1) a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial; and (2) a motion to reduce punitive damages. In the motion to reduce punitive damages, Five Star requested relief as follows: "In accordance with OCGA § 51-12-12, [Five Star] respectfully requests that the Court reduce the amount of punitive damages so it more adequately reflects the preponderance of the evidence or grant a new trial as to the damages only." Over one year later, in separate orders, the court denied the first motion and granted the second. In the second order the court reduced the punitive damage award to $5,000 but did not grant a new trial.

Dunn appeals the court's order reducing the punitive damage award. Five Star has neither appealed nor cross-appealed. Dunn contends that under OCGA § 51-12-12 the court was not authorized to simply reduce the punitive damage award.

Section 51-12-12 provides that a trial court may take action if it finds that the jury's award is so inadequate or so excessive as to be inconsistent with the preponderance of the evidence. OCGA § 51-12-12 (a). But subsection (b) limits what the court may do. The court "may order a new trial as to damages only . . . or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court." OCGA § 51-12-12 (b). The Supreme Court has held that the plain language of this Code section does not authorize the trial judge to simply reduce a jury's damage award and deny a motion for new trial. *Spence v. Hilliard*, 260 Ga. 107, 108 (1) (389 SE2d 753) (1990). The order was not proper under *Spence*, and the only remaining issue is whether we should simply reverse or also remand to allow the court to reconsider the OCGA § 51-12-12 motion.

Five Star did not appeal the order denying its motion for new

trial or cross-appeal the order granting the reduction in the punitive damage award, but it contends that should we reverse the trial court's order, we should also remand the case with an order that the trial judge reconsider the motion. Whether this court may consider Five Star's argument is governed by the following rule:

> The general rule is that an appellee must file a cross-appeal to preserve enumerations of error concerning adverse rulings. OCGA § 5-6-38; [cit.] However, a ruling that becomes material to an enumeration of error urged by an appellant may be considered by the appellate court without the necessity of a cross-appeal. [Cits.]

*Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987). In the second motion, Five Star sought reduction of the punitive damage award or grant of a new trial as to damages in accordance with OCGA § 51-12-12. Thus it raised the issue in connection with the OCGA § 51-12-12 motion. Furthermore, the trial court obviously believed that the punitive damage award violated OCGA § 51-12-12, but it did not follow the requirements of that Code section. And, reducing the damage award and granting or conditionally granting a new trial on damages are interrelated remedies under OCGA § 51-12-12. Further, our decision rests on *Spence*. In that case the Supreme Court vacated the improper order and remanded the case for reconsideration in light of that court's interpretation of OCGA § 51-12-12.

We find that the issue of the grant of a new trial on damages is material to the propriety of the court's order reducing the damage award. Therefore we follow the remedy provided in *Spence*. The order reducing the damage award is vacated and the case remanded for reconsideration in light of OCGA § 51-12-12 and *Spence*.

*Judgment vacated and case remanded. Miller and Mikell, JJ., concur.*

DECIDED JULY 27, 2000.

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Almand & Wiggins, O. Hale Almand, Jr., Samuel G. Alderman III*, for appellee.