## S05F1490. SMELSER v. SMELSER.
(623 SE2d 480)

THOMPSON, Justice.

After a bench trial, the trial court entered a final judgment and decree of divorce, terminating the eight-year marriage between appellant Joseph Milton Smelser and appellee Elisha Nicole Smelser, dividing the marital assets, and resolving issues of child custody, support, and alimony. Husband sought discretionary review, which was granted under the pilot project in effect in domestic relations cases. The primary issue under consideration is whether the trial court was authorized to award alimony to wife derived from husband's non-marital asset. We hold that the award was proper and we affirm.

Neither party requested transcription of the proceedings, nor was a stipulation of evidence filed in accordance with OCGA § 5-6-41 (g). In pertinent part, the final judgment granted wife legal and physical custody of the parties' two minor children, and ordered husband to pay $844 per month in child support (28 percent of his gross monthly income). Husband was awarded title to his unvested retirement account; and an equitable division of the marital property was made with respect to two automobiles and certain household goods. After finding the marital residence to be the non-marital property of husband, the court awarded wife a one-half undivided interest in the residence as alimony for her support, conditioned as follows: wife is to have sole possession and use of the residence until both children attain the age of 20 years, or upon her remarriage; husband is to pay the mortgage, taxes and insurance on the property as alimony; the parties would equally divide all costs of maintenance in excess of $200; and wife was authorized to sell the property at any time with the net proceeds being divided equally between the parties.

1. Husband contends that the trial court erred in awarding an interest in the non-marital residence as alimony to wife and in granting her a portion of the proceeds upon a future sale.

"Alimony may be awarded either from the husband's earnings or from the corpus of his estate, as by granting to the wife the title or use of property in the possession of the husband." (Punctuation omitted.) *Hipps v. Hipps*, 278 Ga. 49, 50 (1) (597 SE2d 359) (2004), quoting *Jones v. Jones*, 220 Ga. 753, 755 (3) (a) (141 SE2d 457) (1965). See also OCGA § 19-6-5 (a) (alimony may be granted "either from the corpus of the estate or otherwise"). Nor is there any legal prohibition against requiring husband to pay the indebtedness due on the house and the costs of reasonable maintenance as other items of alimony granted to wife. *Elrod v. Elrod*, 231 Ga. 222 (1) (200 SE2d 885) (1973).

Citing *Newell v. Newell*, 237 Ga. 708 (229 SE2d 449) (1976), husband asserts that the trial court was without authority to award

wife a future interest in non-marital property. *Newell,* however, does not support that contention. In that case, as in the present case, husband was the individual owner of a parcel of land. In the divorce proceedings in *Newell,* husband agreed to pay to wife the fair market value of the land as payment of alimony in the event the land was either sold or developed in the future. As in the present case, the fair market value was to be determined at the time of a future sale or development. In *Newell,* wife remarried prior to the sale of the property and the issue was whether wife's remarriage relieved husband of the obligation. In that case, the court determined that the proceeds realized from the sale were in the nature of a "property settlement" which would not terminate on wife's remarriage by reason of OCGA § 19-6-5 (b). Thus, *Newell* stands for the proposition that a spouse *may* receive a future interest in non-marital property. In the present case, husband leaps to the conclusion that if alimony is different than a "property settlement," then a property settlement must be the same as equitable distribution. And because his separate asset (the home) is not subject to equitable distribution, the trial court had no authority to award an interest in it to wife. This is an incorrect conclusion.

The distinction between the various financial obligations owed to and by divorcing parties was recently clarified in *Daniel v. Daniel,* 277 Ga. 871-872 (596 SE2d 608) (2004):

> Alimony is an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent. OCGA § 19-6-1 (a). . . . [A]limony in gross, or in a lump sum, is in the nature of a final property settlement. . . . Equitable property division differs from both alimony and the settlement of property claims. . . . [E]quitable property division represents the allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets.

(Citations and punctuation omitted.)

The award in this case was characterized as "alimony" and it was clearly made for wife's maintenance and support, as the court determined that her earning capacity was diminished due to an unspecified disability. And although we are hampered by the absence of a transcript, it appears that in practicality, the marital home was the only non-liquid asset from which an award of alimony could be made. "[T]he controlling issue is whether this particular award of lump sum alimony is for [w]ife's maintenance or support, even though it is in the 'nature' of a property settlement rather than periodic alimony."

*Daniel* at 873. Contrary to husband's assertions, the court did not impermissibly divide the marital property. "Lump sum alimony is merely in the 'nature' of a property settlement, and thus is not necessarily the equivalent of an equitable division of marital property." Id. Nor did the trial court err in awarding alimony to wife from the future sale of the marital home. See *Newell*, supra; *Johnson v. Johnson*, 220 Ga. 461 (139 SE2d 489) (1964) (as alimony, wife given exclusive use of marital home until children reach majority, husband required to pay expenses to maintain the property, and then property is to be sold and proceeds divided equally between husband and wife).

2. Husband also asserts that because the trial court failed to make findings as to wife's need for alimony and husband's ability to pay, the award of alimony was excessive and contrary to law.[1]

With respect to alimony, there is no statutory requirement that findings be included in the decree. *Southerland v. Southerland*, 278 Ga. 188 (2) (598 SE2d 442) (2004). Here, the trial court heard evidence and testimony on at least two occasions and based his decision on that evidence.

> Inasmuch as consideration of this issue is dependent upon the transcript of evidence and proceedings and we have no transcript, we must presume that the evidence considered by the trial court supported the findings made. [Cit.] "Unless some authorized means is used to bring the evidence to this court on appeal, we cannot determine whether enumerations of error, which require consideration of the evidence, have any merit or not." . . . The result must be an affirmance.

*Pollard v. Pollard*, 279 Ga. 57 (609 SE2d 354) (2005).

3. Citing *Griggs v. Griggs*, 260 Ga. 249 (1) (392 SE2d 11) (1990), husband contends that the trial court abused its discretion in sua sponte modifying the effective date of its original child support order in the order denying husband a new trial. Pretermitting whether the amendment was erroneous, it benefitted the husband in that it changed the effective date of his child support obligation from June 1, 2004 to November 1, 2004. An alleged "abuse of discretion will not constitute reversible error unless palpably unfair and prejudicial to the complaining party. [Cits.]" (Punctuation omitted.) *Lanier v. Lanier*, 278 Ga. 881, 884 (3) (608 SE2d 213) (2005). Thus, this asserted ground affords no basis for reversal.

---

[1] In the final judgment, the court determined that husband is employed as a plumber and earns $3,014 per month; wife has a tenth grade education, is currently unemployed, and has "some impairment" due to a childhood accident.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 2005.

*Aussenberg Waggoner, Elyse Aussenberg, Amy K. Waggoner*, for appellant.
*William D. Healan, Jr.*, for appellee.